UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE SAND

-----------------------------------------------------------x

SHELIA GREENBERG and BUDDIE
GREENBERG,

07 CV 10675

Civil Action No.

Plaintiffs,

**NOTICE OF REMOVAL**

-against-



HOME DEPOT U.S.A., INC.,

Defendant.

-----------------------------------------------------------x

To The Honorable Judges of The United States District Court for The Southern District of New York:

Removing party, Home Depot U.S.A., Inc. ("Home Depot"), by its attorneys, D'Amato & Lynch, LLP, respectfully shows this Court:

1.    Home Depot is the defendant in the above-entitled action.

2.    On or about September 24, 2007, the above-entitled action was commenced against Home Depot by the filing of a summons with notice in the Supreme Court of the State of New York, County of Bronx, under Index No. 301172/07, and is now pending therein. A copy of the Summons & Complaint is annexed as Exhibit "A".

3.    On or about October 5, 2007, CT Corporation was served with a summons and complaint in the above-entitled action.

4.    Home Depot served its Answer to the Complaint on November 12,

#284406v1

2007 along with a Request for a Supplemental Demand. A copy of Home Depot's Answer and Supplemental Demand is annexed as Exhibit "B".

5.    On or about November 16, 2007, plaintiff responded to Home Depot's Request for a Supplemental Demand by demanding $2,000,000 in damages. (See Exhibit "C").

6. No further proceedings have been held herein in the Supreme Court of the State of New York, County of Bronx.

7.    Pursuant to plaintiff's Supplemental Demand, the amount in controversy in the above-entitled action, exclusive of interest and costs, exceeds $75,000.00.

8.    Plaintiffs', by their own admission, are residents of the State of New York.

9.    Home Depot is a corporation duly organized and existing pursuant to the laws of the State of Delaware, having its principal office in the State of Georgia.

10.    The above-entitled action is a personal injury action to recover damages for injuries allegedly sustained by the plaintiff's.

11.    Plaintiff's allege that her injuries were caused by the negligence of Home Depot.

12.    This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1332, and the action may therefore be removed to this Court pursuant

to 28 U.S.C. §1441(b).

13.    This notice is timely filed pursuant to 28 U.S.C. §1446.

WHEREFORE, removing party Home Depot U.S.A., Inc. prays that the above-entitled action be removed from the Supreme Court of the State of New York, County of Bronx to this Court.

Dated: New York, New York
      November 29, 2007

D'AMATO & LYNCH, LLP

By:    _Megan Marchick_____
       MEGAN MARCHICK, ESQ.
       Attorneys for Defendant
       HOME DEPOT U.S.A., INC.
       70 Pine Street
       New York, New York  10270
       (212) 269-0927

To:    DAVIDSON & COHEN, P.C.
       Attorneys for Plaintiffs
       Office & P.O. Box Address
       265 Sunrise Highway
       Rockville Center, NY  11570
       (516) 763-6700

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

----------------------------------------------------------------X     Index No. 301172-07

SHEILA GREENBERG and BUDDIE GREENBERG,

                                          Plaintiffs,

          -against-

HOME DEPOT U.S.A., INC.,

                                      Defendant

----------------------------------------------------------------X

Date filed:
Plaintiffs designate
BRONX County as the
place of trial

The basis of the venue is
Plaintiffs' residence
**SUMMONS**
Plaintiffs reside at
3135 Johnson Avenue
Bronx, New York 10463

County of Bronx

To the above-named Defendants:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or; if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiffs' attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Rockville Centre, New York
       September 17, 2007

                                    Yours, etc.

                                      *Keith Davidson*

                                      KEITH S. DAVIDSON, ESQ.
                                      DAVIDSON & COHEN, P.C.
                                      Attorneys for Plaintiffs
                                      265 Sunrise Highway
                                      Rockville Centre, New York 11570
                                      (516) 763-6700

Defendant's address:

HOME DEPOT U.S.A., INC.
c/o CORPORATION SERVICE
COMPANY
80 STATE STREET
ALBANY, NEW YORK 12207-2543

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X
SHEILA GREENBERG and BUDDIE GREENBERG,

                        Plaintiffs,

                       **VERIFIED COMPLAINT**

      -against-
                       Index No. 301172-07

HOME DEPOT U.S.A., INC.

                        Defendant.

-------------------------------------------------------------X

       Plaintiffs, SHEILA GREENBERG and BUDDIE GREENBERG, by their attorneys,

DAVIDSON & COHEN, P.C., complaining of the defendant herein, respectfully show to this Court

and allege:

### AS AND FOR A FIRST CAUSE OF ACTION IN FAVOR OF

### PLAINTIFF, SHEILA GREENBERG:

    **FIRST:**  That at all times hereinafter mentioned, the plaintiff was an adult resident of the

County of Bronx, State of New York.

    **SECOND:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A.,

INC., was a foreign business corporation duly authorized to transact business in the State of New

York.

    **THIRD:**  That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A.,

INC., was a foreign business corporation doing business in the State of New York.

BRONX COUNTY
COUNTY CLERK
07 SEP 24 PM 3:04
RECEIVED

1

**FOURTH:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., owned premises located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**FIFTH:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., owned the Home Depot store located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**SIXTH:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., operated the Home Depot store located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**SEVENTH:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., supervised the Home Depot store located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**EIGHTH:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., controlled the Home Depot store located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**NINTH:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., maintained the Home Depot store located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**TENTH:** That it was the duty of the defendant to maintain the aforesaid premises in a safe condition for persons visiting same.

2

**ELEVENTH:** That on the 3rd day of August, 2006, while the plaintiff, SHEILA GREENBERG, was lawfully a patron at the aforementioned store, she was caused to be injured due to the negligence of the defendant.

**TWELFTH:** That the negligence of the defendants consisted, amongst other things, in failing to keep the aforesaid premises in a reasonably safe condition; in failing to perform proper inspections; in failing to perform proper clean-up operations; in causing and/or permitting hazardous, slippery and dangerous condition to exist at the premises aforementioned; in failing to post signs or warnings at the location aforesaid; and in otherwise being negligent in the premises.

**THIRTEENTH:** That the defendant actually created the condition complained of and had actual and constructive notice of the aforesaid condition prior to the occurrence herein.

**FOURTEENTH:** That said incident and injuries to the plaintiff were caused solely and wholly by reason of the negligence of the defendant and without any negligence on the part of the plaintiff contributing thereto.

**FIFTEENTH:** That this action falls within one or more of the exceptions set forth in CPLR §1602.

**SIXTEENTH:** That as result of the foregoing, the plaintiff was injured, both physically and mentally, in an amount which exceeds the jurisdictional limits of all lower Courts that would otherwise have jurisdiction.

3

## AS AND FOR A SECOND CAUSE OF ACTION IN FAVOR OF

### PLAINTIFF, BUDDIE GREENBERG:

**SEVENTEENTH:** That this plaintiff repeats, reiterates, realleges and reaffirms each and every allegation contained in this complaint in paragraphs numbered "FIRST" through and including "SIXTEENTH" with the same force and effect as though fully set forth at length herein.

**EIGHTEENTH:** That heretofore and all the times hereinafter mentioned, this plaintiff was and still is the husband of the plaintiff, SHEILA GREENBERG, and resides with said plaintiff in a common household, and as such is entitled to the services, comfort and society of his said wife, SHEILA GREENBERG.

**NINETEENTH:** That by reason of the foregoing, and the wrongful, unlawful and negligent acts and omissions on the part of the defendant as aforesaid and due to the injuries sustained by the aforesaid plaintiff, SHEILA GREENBERG, this plaintiff was and will be deprived of the services, comfort and society of his said wife, the plaintiff, SHEILA GREENBERG, all to this plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower Courts that would otherwise have jurisdiction.

**WHEREFORE**, the plaintiff, SHEILA GREENBERG, demands judgment against the defendant on her cause of action in a sum which exceeds the jurisdictional limits of all lower Courts, that would otherwise have jurisdiction and the plaintiff, BUDDIE GREENBERG, demands judgment against the defendant on his cause of action in a sum which exceeds the jurisdictional limits of all lower Courts, that would otherwise have jurisdiction, TOGETHER with interest thereon from the

4

3rd day of August, 2006 plus the costs and disbursements of this action.

Dated: Rockville Centre, New York
        September 17, 2007

                               Yours, etc.

                               KEITH S. DAVIDSON, ESQ.
                               DAVIDSON & COHEN, P.C.
                               Attorneys for Plaintiff
                               265 Sunrise Highway
                               Rockville Centre, New York 11570
                               (516) 763-6700

5

The undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms the following pursuant to CPLR 2106:

Your affirmant is a member of the law firm of DAVIDSON & COHEN, P.C., the attorneys of record for the plaintiff in the within action: your affirmant has read the foregoing **SUMMONS and VERIFIED COMPLAINT** and knows the contents thereof; the same is true to your affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters your affirmant believes it to be true. This verification is made by your affirmant and not by plaintiff in that plaintiff does not reside within the county wherein the undersigned affirmant maintains his office.

The grounds of your affirmant's belief as to all matters not stated upon your affirmant's knowledge are as follows: Information and papers contained in affirmant's file and conversations with plaintiff.

Dated: Rockville Centre, New York
       September 17, 2007


KEITH S. DAVIDSON

INDEX NO.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

SHEILA GREENBERG and BUDDIE GREENBERG,

                            Plaintiffs,

        -against-

HOME DEPOT U.S.A., INC.,

                            Defendant.

## SUMMONS AND VERIFIED COMPLAINT

**DAVIDSON & COHEN, P.C.**
Attorneys for Plaintiffs
Office & P.O. Address
**265 Sunrise Highway**
**Rockville Centre, New York 11570**
**(516) 763-6700**

To

Attorney(s) for

Attorney Certification

Pursuant to 22 NYCRR 130-1.1a, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief, and after reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.

Dated: September 17, 2007



UNITED STATES POSTAGE
$ 05.940
02 1A
0004374734
MAILED FROM ZIP CODE 12231
OCT 04 2007

**CERTIFIED MAIL**

7111 5475 5583 1581 2427

PS Form 3800 8/02

**RETURN RECEIPT REQUESTED**

Article Addressed To:

HOME DEPOT U.S.A., INC.
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543

USA/CERTIFIED

Sender:

New York State Department of State
41 State Street
Albany, NY 12231

**Receipt # 200710030216**

COMPLETE THIS SECTION ON DELIVERY

A. Signature: ( ☐ Addressee or ☐ Agent)

X _____

B. Received By: (Please Print Clearly)

C. Date of Delivery

D. Addressee's Address (if different from Address Used by Sender)

Secondary Address / Suite / Apt. / Floor    (Please Print Clearly)

Delivery Address

City                              State        ZIP + 4 Code

C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543

DOS-1245 (11/06)

DEPARTMENT OF STATE
UNIFORM COMMERCIAL CODE
41 STATE STREET
ALBANY, NY 12231-0001

# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------X

SHELIA GREENBERG and BUDDIE
GREENBERG,

        **Index No.: 3011722/07**

               Plaintiffs,

        **<u>VERIFIED ANSWER</u>**

        -against-

THE HOME DEPOT U.S.A. INC.,

               Defendant.

-----------------------------------------------------------X

    Defendant, THE HOME DEPOT U.S.A., INC., by its attorneys, D'AMATO & LYNCH, LLP, as and for its answer, alleges as follows:

    1. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Verified Complaint.

    2. Admits the truth of the allegations set forth in paragraph "2" of the Verified Complaint.

    3. Admits the truth of the allegation set forth in paragraph "3" of the Verified Complaint.

    4. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Verified Complaint.

    5. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Verified Complaint.

    6. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Verified Complaint.

#283083v1

7. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Verified Complaint.

8. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Verified Complaint.

9. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Verified Complaint.

10. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Verified Complaint.

11. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Verified Complaint.

12. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Verified Complaint.

13. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Verified Complaint.

14. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Verified Complaint.

15. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Verified Complaint and submits this is a question of law to be resolved by the Court.

16. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Verified Complaint.

17. Answering paragraph "17" of the Verified Complaint, the answering defendant repeats, reiterates and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief set forth previously to paragraphs "1"

-2-

through "16" of the Verified Complaint herein, with the same force and effect as if the same were fully set forth herein at length.

18. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Verified Complaint.

19. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20. Upon information and belief, the culpable conduct and comparative and contributory negligence of plaintiff and others contributed to and caused the liability and damages alleged.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21. Upon information and belief, if plaintiff sustained any injuries or damages as alleged in the Verified Complaint, such injuries or damages were the result of the culpable conduct and/or assumption of risk by plaintiff. If found, however, that the answering defendant is liable to plaintiff herein, which liability is specifically denied, then the answering defendant alleges that, if any damages are found, they are to be apportioned among the parties according to the degree of responsibility that each is found to have for the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22. Upon information and belief, plaintiff failed to take any, or sufficient, action which was necessary to mitigate or minimize the damages allegedly sustained in this action.

#283083v1

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23. Upon information and belief, at all times relevant herein, plaintiff engaged in activity that plaintiff knew or should have known of the risks inherent in engaging in the dangerous, hazardous and threatening activities alleged in the Verified Complaint and hence assumed the risk of any injuries that may have been sustained as a result thereof.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24. Upon information and belief, plaintiff's claims for medical, dental and/or custodial care, rehabilitation services, loss of earnings or other economic loss are subject to the provisions of Section 4545(c) of the Civil Practice Law and Rules and any and all such past or future costs or expenses which were or will be replaced or indemnified, in whole or in part, from any collateral source are not recoverable in this action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

25. Upon information and belief, the alleged injuries of plaintiff, if any, were caused or contributed to, in whole or in part, by intervening and superseding causative factors and therefore the claims of plaintiff against the answering defendant should be barred.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

26. Upon information and belief, this action should not proceed in the absence of any entities and persons who should be parties.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

27. Upon information and belief, plaintiff has failed to state a cause of action upon which relief can be granted as against this defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

29. The answering defendant not being fully advised as to all of the facts and circumstances surrounding the incident complained of herein, hereby asserts and reserves

-4-

unto itself the defenses of accord and satisfaction, arbitration and award, discharge of bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, *res judicata*, Statute of Frauds, Statute of Limitations, waiver, and other matter constituting an avoidance or an affirmative defense which further investigation of this matter may prove applicable herein.

**WHEREFORE,** defendant HOME DEPOT U.S.A., INC. demands judgment dismissing the Complaint as to the answering defendant, together with costs and disbursements of this action awarded to said defendant.

Dated: New York, New York
        November 12, 2007

Yours, etc.,

D'AMATO & LYNCH, LLP

By:  Megan Marchick

Megan Marchick, Esq.
Attorneys for Defendant
HOME DEPOT U.S.A., INC.
70 Pine Street
New York, New York  10270
(212) 269-0927
**Our File No.:  434-74785**

TO:    Keith Davidson, Esq.
       Davidson & Cohen, P.C.
       Attorneys for Plaintiffs
       265 Sunrise Highway
       Rockville Centre, New York 11570
       (516) 763-6700

#283083v1

# ATTORNEY'S VERIFICATION

Megan Marchick, an attorney duly admitted to practice in the Courts of the State of New York, affirms the following under penalty of perjury, being duly sworn, deposes and says:

1.     I am associated with the law firm of D'AMATO & LYNCH, LLP, the attorneys of record for defendant HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT, in the within action.

2.     I have read the foregoing VERIFIED ANSWER and know the contents thereof.

3.     The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and, as to those matters, I believe them to be true.

4.     The reason this Verification is made by me and not by the defendant HOME DEPOT U.S.A., INC. is because said defendant is not within the county where I have my office.

5.     The grounds for my belief as to all matters in the Verified Answer not stated to be upon my knowledge are based upon a review of the file and conversations with the client.

_____
Megan Marchick

Dated: New York, New York
       November 12, 2007

-6-

#283083v1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                   ) ss.:
COUNTY OF NEW YORK )

      **KAREN ROSS**, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York. On November 12, 2007 deponent served the within **VERIFIED ANSWER** upon:

        Keith Davidson, Esq.
        DAVIDSON & COHEN, P.C.
        Office & P.O. Box Address
        265 Sunrise Highway
        Rockville Center, NY 11570

via by depositing true copies of same in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York properly addressed to said attorneys at the above addresses designated by them for that purpose.

                                    **KAREN ROSS**

Affirmed before me this
12th day of November, 2007

      NOTARY PUBLIC

         BILL V. KAKOULLIS
      Notary Public, State of New York
           No. 02KA4783566
        Qualified in Queens County
    Commission Expires 10/31/20__

#283505v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------ X

SHELIA GREENBERG and BUDDIE
GREENBERG,

                              Plaintiffs,

             -against-

HOME DEPOT U.S.A., INC.,

                           Defendant.

------------------------------------------------------------ X

**Index No.: 301172/07**

**REQUEST FOR
SUPPLEMENTAL DEMAND**

Pursuant to Section 3017(c) of the Civil Practice Law and Rules, within 15 days from the date of the service of this Demand, you are hereby required to set forth the total damages to which plaintiffs deems themselves entitled and list same separately for each cause of action or claim.

Dated:      New York, New York
             November 12, 2007

                            Yours, etc.,

                            D'AMATO & LYNCH, LLP

             By:    *Megan Marchick*
                           Megan Marchick, Esq.
                           Attorneys for Defendant
                           HOME DEPOT U.S.A., INC.
                           70 Pine Street
                           New York, New York  10270
                           (212) 269-0927
                           **Our File No.:  434-74785**

#283087v1

TO:    DAVIDSON & COHEN, P.C.
       Attorneys for Plaintiffs
       Office & P.O. Box Address
       265 Sunrise Highway
       Rockville Center, NY  11570
       (516) 763-6700

#283087v1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                      ) ss.:
COUNTY OF NEW YORK )

        **KAREN ROSS**, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York. On November 12, 2007 deponent served the within **DEMAND FOR BILL OF PARTICULARS; DEMAND FOR EXPERT DISCLOSURE; COMBINED DEMAND FOR DISCOVERY AND INSPECTION AND PRE-TRIAL DISCLOSURE; NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION; DEMAND FOR COLLATERAL SOURCE; REQUEST FOR SUPPLEMENTAL DEMAND; DEMAND FOR APPEARANCES BY ATTORNEYS; DEMAND FOR NAMES AND ADDRESSES OF ALL WITNESSES; DEMAND FOR INSURANCE DISCLOSURE; DEMAND FOR PRIOR PROCEEDINGS; DEMAND FOR INDEX NUMBER AND PROOF OF FILING; NOTICE FOR DISCOVERY-RECORDS; NOTICE FOR DISCOVERY-AUTHORIZATIONS; and DEMAND FOR PHOTOGRAPHS** upon:

        Keith Davidson, Esq.
        DAVIDSON & COHEN, P.C.
        Office & P.O. Box Address
        265 Sunrise Highway
        Rockville Center, NY 11570

via by depositing true copies of same in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York properly addressed to said attorneys at the above addresses designated by them for that purpose.

                                            **KAREN ROSS**

Affirmed before me this
12th day of November, 2007

    NOTARY PUBLIC

        BILL V. KAKOULLIS
      Notary Public, State of New York
         No. 02KA4783566
        Qualified in Queens County
     Commission Expires 10/31/2009

#283505v1

# Exhibit C

DAVIDSON & COHEN, P.C.
ATTORNEYS AT LAW
265 SUNRISE HIGHWAY
ROCKVILLE CENTRE, NEW YORK 11570

(516) 763-6700
(516) 763-0567 FACSIMILE

BRUCE E. COHEN
KEITH S. DAVIDSON
JANET L.H. SMITELLI

November 16, 2007

RECEIVED
NOV 2 0 2007
D'AMATO & LYNCH

D'Amato & Lynch, LLP
70 Pine Street
New York, New York 10270-0110

Attention: Megan Marchick, Esq.

Re: Sheila Greenberg v. Home Depot USA, Inc.
File number: 434-74785

Dear Ms. Marchick:

Enclosed please find the signed stipulation on confidentiality that you recently sent to my office. In response to your request for supplemental demands, please be advised that the plaintiff, Sheila Greenberg, is claiming damages on her cause of action in the sum of $2,000,000.00 and the plaintiff, Buddie Greenberg, is claiming damages on his cause of action in the sum of $200,000.00. In addition, I am enclosing a copy of the index number receipt and a copy of the stamped proof of service from the County Clerk of Bronx County that the Summons was filed on September 24, 2007. Lastly, I have enclosed a copy of the affidavit of service made on your client.

Very truly yours,

DAVIDSON & COHEN, P.C.

Keith S. Davidson

KSD/ro
Encl.