# DAVIDSON & COHEN, P.C.

### ATTORNEYS AT LAW
265 SUNRISE HIGHWAY
ROCKVILLE CENTRE, NEW YORK 11570

(516) 763-6700
(516) 763-0567 FACSIMILE

BRUCE E. COHEN
KEITH S. DAVIDSON
JANET L.H. SMITELLI

## TELECOPY FOR IMMEDIATE DELIVERY

TOTAL PAGES: *(29)*
(Including cover sheet)    *From Janet Smitelli*    *To David (My Sava)*

DATE: _____

TO: _____

FAX NO.: _____

FROM: _____

RE: _____

SPECIAL INSTRUCTIONS: _____

_____

_____

_____

## IMPORTANT NOTICE

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY-CLIENT
PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF
THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS
NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO
DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY
DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY
PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO
US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
SHEILA GREENBERG and BUDDIE GREENBERG,

                        Plaintiffs,

                                         **MOTION REMANDING THE
                                         ACTION TO STATE COURT**

-against-

                                         Index No. 10675-07

HOME DEPOT U.S.A., INC.

                        Defendant.

----------------------------------------------------------------------X

The Plaintiffs, SHEILA GREENBERG and BUDDIE GREENBERG by their attorneys,

DAVIDSON & COHEN, P.C. hereby moves this Court for an Order remanding the above entitled

action to the Supreme Bronx State Court from whence the action was removed, on the grounds that

notice of removal was untimely, so that all further proceedings of the matter including the trial may

be had in this Court of original jurisdiction.

Dated: Rockville Centre, New York
       December 12, 2007

                                       Yours, etc.

                                        Janet L.H. Smitelli, Esq.
                                        DAVIDSON & COHEN, P.C.
                                        Attorneys for Plaintiff
                                        265 Sunrise Highway
                                        Rockville Centre, New York 11570
                                        (516) 763-6700

TO:   D'Amato & Lynch, LLP
       Attorneys for Defendant
       70 Pine Street
       New York, New York 10270-0110

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHEILA GREENBERG and BUDDIE GREENBERG,

Plaintiffs,

**AFFIRMATION**

-against-

Index No. 10675-07

HOME DEPOT U.S.A., INC.

Defendant.

-------------------------------------------------------------------X

JANET L. HELLER SMITELLI, an attorney duly admitted to practice law before the Courts of the State of New York and before the Southern District of New York, hereby affirms the following under penalties of perjury:

I am associated with the law firm of Davidson & Cohen, P.C., attorneys for the plaintiff in the above entitled action and, as such, am familiar with this matter as evidenced by the file maintained by our office. This action arises out of a slip and fall accident at defendant's store which occurred on August 3, 2006. As a result, a Summons and Complaint dated Sept. 17, 2007, was served upon the defendant on Oct. 2, 2007, by service upon the Secretary of State. Annexed hereto as Exhibit "A" and "B" respectively, is a copy of the Summons & Complaint and affidavit of service. The index number was purchased in this matter on Sept. 24, 2007.

Defendant attorneys requested an extension of time within which to answer on Oct. 12, 2007 and issue was joined by service of an Answer by the defendant on Nov. 12, 2007. See copy of defendant's extension letter, answer and discovery demands annexed hereto as Exhibit "C", "D" and

"E" respectively.

Over two weeks thereafter, defendant attorney filed and served a Notice of Removal dated November 29, 2007. See copy of said Removal papers annexed hereto as Exhibit "F". This Notice of Removal was clearly untimely and beyond the thirty day limitation period as outlined in 28 U.S.C.A. Section 1446.

In the case of Bertrand v. Vingan 899 F.Supp. 1198 (S.D.N.Y. 1995), a defendant seeking removal must strictly comply with all statutory requirements, and where there is a doubt as to whether requirements have been satisfied, the case should be remanded. See also generally Citibank N.A. v. McGuirl 888 F.Supp 39 (S.D.N.Y. 1995).

Additionally, the party seeking to sustain removal not the party seeking remand bears the burden of demonstrating that the removal was proper see Wilds v. United Parcel Service Incorporated 262 F.Supp.2d 163 (S.D.N.Y. 2003) and Cassara v. Ralston 832 F.Supp 752 (S.D.N.Y. 1993).

Defendants have also failed to prove a complete diversity in this matter in that the defendant Home Depot derives substantial revenue from New York State. Defendant, Home Depot is the world's largest home improvement retailer operating more than 1500 stores across North America. According to their official website, their revenue in 2006 was \$90.837 billion. It is axiomatic therefore that this huge corporation has many connections with New York State and in fact has been a defendant in many New York actions according to "Elaw" and "Lexis" web sites.

The Courts generally strictly construe the removal statutes in favor of remand and against removal. See generally, Bosky v. Kroger Tex L.P. 288 F. 3rd 208, 211 (5th Circuit, 2002), also Diaz v. Shephard 85 F. 3rd 1502, 1505 (11th Circuit 1996). Brown v. Francis 75 F. 3rd 860, 864 and 865 (3rd Circuit 1996) and Duncan v. Stuetzle 76 F. 3rd 1480, 1485 (9th Circuit 1996).

In response to the grounds asserted by defendant, plaintiff herein claims that the defendant has served their Notice of Removal untimely and there is not complete diversity. Finally, if removal does not occur, the plaintiff will be prejudiced in that the court of original jurisdiction is better suited to handle these types of negligence cases and the location of the State Court is closer to the material witnesses and parties.

This action should immediately be remanded to the State Court from whence the action was removed. The defendant did not timely file and serve their removal papers and there has been no waiver or stipulation to extend this time period for Removal and no valid reason for the delay in filing the notice proffered by defense attorney. Additionally as set forth above there is incomplete diversity herein in that the defendant derives substantial revenue from this state.

WHEREFORE an Order remanding this action to the Bronx Supreme State Court is herein respectfully requested.

Affirmed: Rockville Centre, New York
        December 12, 2007

JANET L. HELLER SMITELLI
#1335

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X  Index No. 301172307

SHEILA GREENBERG and BUDDIE GREENBERG,        Date filed:
                                              Plaintiffs designate
                                              BRONX County as the
                           Plaintiffs,        place of trial

        -against-                             The basis of the venue is
                                              Plaintiffs' residence

HOME DEPOT U.S.A., INC.,                       **SUMMONS**
                                              Plaintiffs reside at
                           Defendant          3135 Johnson Avenue
                                              Bronx, New York 10463

                                              County of Bronx
------------------------------------------------------------X

To the above-named Defendants:

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance, on the plaintiffs' attorneys within 20 days after the service of this summons, exclusive
of the day of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Rockville Centre, New York
        September 17, 2007

                                              Yours, etc.

                                              KEITH S. DAVIDSON, ESQ.
                                              DAVIDSON & COHEN, P.C.
                                              Attorneys for Plaintiffs
                                              265 Sunrise Highway
                                              Rockville Centre, New York 11570
                                              (516) 763-6700

Defendant's address:

HOME DEPOT U.S.A., INC.
c/o CORPORATION SERVICE
COMPANY
80 STATE STREET
ALBANY, NEW YORK 12207-2543

**FOURTH:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., owned premises located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**FIFTH:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., owned the Home Depot store located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**SIXTH:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., operated the Home Depot store located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**SEVENTH:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., supervised the Home Depot store located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**EIGHTH:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., controlled the Home Depot store located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**NINTH:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., maintained the Home Depot store located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**TENTH:** That it was the duty of the defendant to maintain the aforesaid premises in a safe condition for persons visiting same.

2

**ELEVENTH:**     That on the 3rd day of August, 2006, while the plaintiff, SHEILA GREENBERG, was lawfully a patron at the aforementioned store, she was caused to be injured due to the negligence of the defendant.

**TWELFTH:**     That the negligence of the defendants consisted, amongst other things, in failing to keep the aforesaid premises in a reasonably safe condition; in failing to perform proper inspections; in failing to perform proper clean-up operations; in causing and/or permitting hazardous, slippery and dangerous condition to exist at the premises aforementioned; in failing to post signs or warnings at the location aforesaid; and in otherwise being negligent in the premises.

**THIRTEENTH:**  That the defendant actually created the condition complained of and had actual and constructive notice of the aforesaid condition prior to the occurrence herein.

**FOURTEENTH:**   That said incident and injuries to the plaintiff were caused solely and wholly by reason of the negligence of the defendant and without any negligence on the part of the plaintiff contributing thereto.

**FIFTEENTH:**  That this action falls within one or more of the exceptions set forth in CPLR §1602.

**SIXTEENTH:**  That as result of the foregoing, the plaintiff was injured, both physically and mentally, in an amount which exceeds the jurisdictional limits of all lower Courts that would otherwise have jurisdiction.

3rd day of August, 2006 plus the costs and disbursements of this action.

Dated:  Rockville Centre, New York
         September 17, 2007

Yours, etc.

_Keith Davidson_

KEITH S. DAVIDSON, ESQ.
DAVIDSON & COHEN, P.C.
Attorneys for Plaintiff
265 Sunrise Highway
Rockville Centre, New York 11570
(516) 763-6700

5

### AS AND FOR A SECOND CAUSE OF ACTION IN FAVOR OF

### PLAINTIFF, BUDDIE GREENBERG:

**SEVENTEENTH:** That this plaintiff repeats, reiterates, realleges and reaffirms each and every allegation contained in this complaint in paragraphs numbered "FIRST" through and including "SIXTEENTH" with the same force and effect as though fully set forth at length herein.

**EIGHTEENTH:** That heretofore and all the times hereinafter mentioned, this plaintiff was and still is the husband of the plaintiff, SHEILA GREENBERG, and resides with said plaintiff in a common household, and as such is entitled to the services, comfort and society of his said wife, SHEILA GREENBERG.

**NINETEENTH:** That by reason of the foregoing, and the wrongful, unlawful and negligent acts and omissions on the part of the defendant as aforesaid and due to the injuries sustained by the aforesaid plaintiff, SHEILA GREENBERG, this plaintiff was and will be deprived of the services, comfort and society of his said wife, the plaintiff, SHEILA GREENBERG, all to this plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower Courts that would otherwise have jurisdiction.

**WHEREFORE,** the plaintiff, SHEILA GREENBERG, demands judgment against the defendant on her cause of action in a sum which exceeds the jurisdictional limits of all lower Courts, that would otherwise have jurisdiction and the plaintiff, BUDDIE GREENBERG, demands judgment against the defendant on his cause of action in a sum which exceeds the jurisdictional limits of all lower Courts, that would otherwise have jurisdiction, TOGETHER with interest thereon from the

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHEILA GREENBERG and BUDDIE GREENBERG,

                                    Plaintiffs,

                                                    **MOTION REMANDING THE**
                                                    **ACTION TO STATE COURT**

                -against-

                                                    Index No. 10675-07

HOME DEPOT U.S.A., INC.

                                    Defendant.

-------------------------------------------------------------------X

        The Plaintiffs, SHEILA GREENBERG and BUDDIE GREENBERG by their attorneys,

DAVIDSON & COHEN, P.C. hereby moves this Court for an Order remanding the above

entitled

action to the Supreme Bronx State Court from whence the action was removed, on the grounds

that notice of removal was untimely, so that all further proceedings of the matter including the

trial may be had in this Court of original jurisdiction.

Dated:  Rockville Centre, New York
            December 12, 2007                    Yours, etc.

                                                _____
                                                Janet L.H. Smitelli, Esq.
                                                DAVIDSON & COHEN, P.C.
                                                Attorneys for Plaintiff
                                                265 Sunrise Highway
                                                Rockville Centre, New York 11570
                                                (516) 763-6700

TO:    D'Amato & Lynch, LLP
        Attorneys for Defendant
        70 Pine Street
        New York, New York 10270-0110

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHEILA GREENBERG and BUDDIE GREENBERG,

                          Plaintiffs,                    **<u>AFFIRMATION</u>**

       -against-

                                            Index No. 10675-07

HOME DEPOT U.S.A., INC.

                          Defendant.

-----------------------------------------------------------------X

      JANET L. HELLER SMITELLI, an attorney duly admitted to practice law before the Courts of the State of New York and before the Southern District of New York, hereby affirms the following under penalties of perjury:

      I am associated with the law firm of Davidson & Cohen, P.C., attorneys  for the plaintiff in the above entitled action and, as such, am familiar with this matter as evidenced by the file maintained by our office.  This action arises out of a slip and fall accident at defendant's store which occurred on August 3, 2006.  As a result, a Summons and Complaint dated Sept. 17, 2007, was served  upon the defendant on Oct. 2, 2007, by service upon the Secretary of State. Annexed hereto as Exhibit "A" and "B" respectively, is a copy of the Summons & Complaint and affidavit of service. The index number was purchased in this matter on Sept. 24, 2007.

      Defendant attorneys requested an extension of time within which to answer on Oct. 12, 2007  and issue was joined by service of an Answer by the defendant on Nov. 12, 2007. See copy of defendant's extension letter, answer and discovery demands annexed hereto as Exhibit "C",

"D" and "E" respectively.

Over two weeks thereafter, defendant attorney filed and served a Notice of Removal dated November 29, 2007. See copy of said Removal papers annexed hereto as Exhibit "F". This Notice of Removal was clearly untimely and beyond the thirty day limitation period as outlined in 28 U.S.C.A. Section 1446.

In the case of Bertrand v. Vingan  899 F.Supp. 1198 (S.D.N.Y. 1995), a defendant seeking removal must strictly comply with all statutory requirements, and where there is a doubt as to whether requirements have been satisfied, the case should be remanded.  See also generally Citibank N.A. v. McGuirl 888 F.Supp 39 (S.D.N.Y. 1995).

Additionally, the party seeking to sustain removal not the party seeking remand bears the burden of demonstrating that the removal was proper see Wilds v. United Parcel Service Incorporated  262 F.Supp.2d 163 (S.D.N.Y. 2003) and  Cassara v. Ralston 832 F.Supp 752 (S.D.N.Y. 1993).

Defendants have also failed to prove a complete diversity in this matter in that the defendant Home Depot derives substantial revenue from New York State. Defendant, Home Depot is the world's largest home improvement retailer operating more than 1500 stores across North America. According to their official website, their revenue in 2006 was $90.837 billion. It is axiomatic therefore that this  huge corporation has many connections with New York State and in fact has been a defendant in many New York actions according to "Elaw" and "Lexis" web sites.

The Courts generally strictly construe the removal statutes in favor of remand and against removal.  See generally,  Bosky v. Kroger Tex L.P. 288 F. 3rd 208, 211 (5th Circuit, 2002), also Diaz v. Shephard 85 F. 3rd 1502, 1505 (11th Circuit 1996).  Brown v. Francis 75 F. 3rd 860, 864

and 865 (3rd Circuit 1996) and <u>Duncan v. Stuetzle</u> 76 F. 3rd 1480, 1485 (9th Circuit 1996).

In response to the grounds asserted by defendant, plaintiff herein claims that the defendant has served their Notice of Removal untimely and there is not complete diversity. Finally, if removal does not occur, the plaintiff will be prejudiced in that the court of original jurisdiction is better suited to handle these types of negligence cases and the location of the State Court is closer to the material witnesses and parties.

This action should immediately be remanded to the State Court from whence the action was removed.  The defendant did not timely file and serve their removal papers and there has been no waiver or stipulation to extend this time period for Removal and no valid reason for the delay in filing the notice proffered by defense attorney.  Additionally as set forth above there is incomplete diversity herein in that the defendant derives substantial revenue from this state.

WHEREFORE an Order remanding this action to the Bronx Supreme State Court is herein respectfully requested.

Affirmed: Rockville Centre, New York
            December 12, 2007

_____
JANET L. HELLER SMITELLI

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------X   Index No.

SHEILA GREENBERG and BUDDIE GREENBERG,     Date filed:
                                           Plaintiffs designate
                                           BRONX County as the
                           Plaintiffs,     place of trial

     -against-                             The basis of the venue is
                                           Plaintiffs' residence
HOME DEPOT U.S.A., INC.,                    **SUMMONS**
                                           Plaintiffs reside at
                           Defendant       3135 Johnson Avenue
                                           Bronx, New York 10463

                                           County of Bronx
----------------------------------------------------------------X

To the above-named Defendants:

      **YOU ARE HEREBY SUMMONED**  to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiffs' attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Rockville Centre, New York
      September 17, 2007

                         Yours, etc.

                         _____
                         KEITH S. DAVIDSON, ESQ.
                         DAVIDSON & COHEN, P.C.
                         Attorneys for Plaintiffs
                         265 Sunrise Highway
                         Rockville Centre, New York 11570
                         (516) 763-6700

Defendant's address:

HOME DEPOT U.S.A., INC.
c/o CORPORATION SERVICE
COMPANY
80 STATE STREET
ALBANY, NEW YORK 12207-2543

DAVIDSON & COHEN, P.C.
ATTORNEYS AT LAW
265 SUNRISE HIGHWAY
ROCKVILLE CENTRE, NEW YORK 11570

(516) 763-6700
(516) 763-0567 FACSIMILE

BRUCE E. COHEN
KEITH S. DAVIDSON

JANET L.N. SMITELLI

TELECOPY FOR IMMEDIATE DELIVERY

TOTAL PAGES: *29*
(Including cover sheet)    From *JanetSmitelli*    To *David (My Saver)*

DATE: _____

TO: _____

FAX NO.: _____

FROM: _____

RE: _____    *perps*

SPECIAL INSTRUCTIONS: _____

_____

_____

_____

# IMPORTANT NOTICE

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY-CLIENT
PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF
THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS
NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO
DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY
DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY
PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO
US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

SHEILA GREENBERG and BUDDIE GREENBERG,

                                      Plaintiffs,

                                                    **MOTION REMANDING THE**
                                                    **ACTION TO STATE COURT**

-against-

                                                    Index No. 10675-07

HOME DEPOT U.S.A., INC.

                                      Defendant.

-----------------------------------------------------------------------X

        The Plaintiffs, SHEILA GREENBERG and BUDDIE GREENBERG by their attorneys,

DAVIDSON & COHEN, P.C. hereby moves this Court for an Order remanding the above entitled

action to the Supreme Bronx State Court from whence the action was removed, on the grounds that

notice of removal was untimely, so that all further proceedings of the matter including the trial may

be had in this Court of original jurisdiction.

Dated: Rockville Centre, New York
        December 12, 2007

                                                    Yours, etc.

                                                    Janet L.H. Smitelli, Esq.        #1335
                                                    DAVIDSON & COHEN, P.C.
                                                    Attorneys for Plaintiff
                                                    265 Sunrise Highway
                                                    Rockville Centre, New York 11570
                                                    (516) 763-6700

TO:     D'Amato & Lynch, LLP
        Attorneys for Defendant
        70 Pine Street
        New York, New York 10270-0110

                                             1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHEILA GREENBERG and BUDDIE GREENBERG,

Plaintiffs,

**AFFIRMATION**

-against-

Index No. 10675-07

HOME DEPOT U.S.A., INC.

Defendant.

-------------------------------------------------------------------X

JANET L. HELLER SMITELLI, an attorney duly admitted to practice law before the Courts of the State of New York and before the Southern District of New York, hereby affirms the following under penalties of perjury:

I am associated with the law firm of Davidson & Cohen, P.C., attorneys for the plaintiff in the above entitled action and, as such, am familiar with this matter as evidenced by the file maintained by our office. This action arises out of a slip and fall accident at defendant's store which occurred on August 3, 2006. As a result, a Summons and Complaint dated Sept. 17, 2007, was served upon the defendant on Oct. 2, 2007, by service upon the Secretary of State. Annexed hereto as Exhibit "A" and "B" respectively, is a copy of the Summons & Complaint and affidavit of service. The index number was purchased in this matter on Sept. 24, 2007.

Defendant attorneys requested an extension of time within which to answer on Oct. 12, 2007 and issue was joined by service of an Answer by the defendant on Nov. 12, 2007. See copy of defendant's extension letter, answer and discovery demands annexed hereto as Exhibit "C", "D" and

"E" respectively.

Over two weeks thereafter, defendant attorney filed and served a Notice of Removal dated November 29, 2007. See copy of said Removal papers annexed hereto as Exhibit "F". This Notice of Removal was clearly untimely and beyond the thirty day limitation period as outlined in 28 U.S.C.A. Section 1446.

In the case of Bertrand v. Vingan 899 F.Supp. 1198 (S.D.N.Y. 1995), a defendant seeking removal must strictly comply with all statutory requirements, and where there is a doubt as to whether requirements have been satisfied, the case should be remanded. See also generally Citibank N.A. v. McGuirl 888 F.Supp 39 (S.D.N.Y. 1995).

Additionally, the party seeking to sustain removal not the party seeking remand bears the burden of demonstrating that the removal was proper see Wilds v. United Parcel Service Incorporated 262 F.Supp.2d 163 (S.D.N.Y. 2003) and Cassara v. Ralston 832 F.Supp 752 (S.D.N.Y. 1993).

Defendants have also failed to prove a complete diversity in this matter in that the defendant Home Depot derives substantial revenue from New York State. Defendant, Home Depot is the world's largest home improvement retailer operating more than 1500 stores across North America. According to their official website, their revenue in 2006 was $90.837 billion. It is axiomatic therefore that this huge corporation has many connections with New York State and in fact has been a defendant in many New York actions according to "Elaw" and "Lexis" web sites.

The Courts generally strictly construe the removal statutes in favor of remand and against removal. See generally, Bosky v. Kroger Tex L.P. 288 F. 3rd 208, 211 (5th Circuit, 2002), also Diaz v. Shephard 85 F. 3rd 1502, 1505 (11th Circuit 1996). Brown v. Francis 75 F. 3rd 860, 864 and 865 (3rd Circuit 1996) and Duncan v. Stuetzle 76 F. 3rd 1480, 1485 (9th Circuit 1996).

In response to the grounds asserted by defendant, plaintiff herein claims that the defendant has served their Notice of Removal untimely and there is not complete diversity. Finally, if removal does not occur, the plaintiff will be prejudiced in that the court of original jurisdiction is better suited to handle these types of negligence cases and the location of the State Court is closer to the material witnesses and parties.

This action should immediately be remanded to the State Court from whence the action was removed. The defendant did not timely file and serve their removal papers and there has been no waiver or stipulation to extend this time period for Removal and no valid reason for the delay in filing the notice proffered by defense attorney. Additionally as set forth above there is incomplete diversity herein in that the defendant derives substantial revenue from this state.

WHEREFORE an Order remanding this action to the Bronx Supreme State Court is herein respectfully requested.

Affirmed: Rockville Centre, New York
December 12, 2007

JANET L. HELLER SMITELLI
#1335

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------X  Index No. 301173═307

SHEILA GREENBERG and BUDDIE GREENBERG,

                                    Plaintiffs,

-against-

HOME DEPOT U.S.A., INC.,

                                    Defendant

Date filed:
Plaintiffs designate
BRONX County as the
place of trial

The basis of the venue is
Plaintiffs' residence
**SUMMONS**
Plaintiffs reside at
3135 Johnson Avenue
Bronx, New York 10463

County of Bronx

--------------------------------------------------------------X

To the above-named Defendants:

   YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance, on the plaintiffs' attorneys within 20 days after the service of this summons, exclusive
of the day of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Rockville Centre, New York
       September 17, 2007

                                        Yours, etc.

                                        *Keith Davidson*

                                        KEITH S. DAVIDSON, ESQ.
                                        DAVIDSON & COHEN, P.C.
                                        Attorneys for Plaintiffs
                                        265 Sunrise Highway
                                        Rockville Centre, New York 11570
                                        (516) 763-6700

Defendant's address:

HOME DEPOT U.S.A., INC.
c/o CORPORATION SERVICE
COMPANY
80 STATE STREET
ALBANY, NEW YORK 12207-2543

**FOURTH**: That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., owned premises located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**FIFTH**: That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., owned the Home Depot store located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**SIXTH**: That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., operated the Home Depot store located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**SEVENTH**: That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., supervised the Home Depot store located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**EIGHTH**: That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., controlled the Home Depot store located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**NINTH**: That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., maintained the Home Depot store located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**TENTH**: That it was the duty of the defendant to maintain the aforesaid premises in a safe condition for persons visiting same.

2

**ELEVENTH:**    That on the 3rd day of August, 2006, while the plaintiff, SHEILA GREENBERG, was lawfully a patron at the aforementioned store, she was caused to be injured due to the negligence of the defendant.

**TWELFTH:**    That the negligence of the defendants consisted, amongst other things, in failing to keep the aforesaid premises in a reasonably safe condition; in failing to perform proper inspections; in failing to perform proper clean-up operations; in causing and/or permitting hazardous, slippery and dangerous condition to exist at the premises aforementioned; in failing to post signs or warnings at the location aforesaid; and in otherwise being negligent in the premises.

**THIRTEENTH:**  That the defendant actually created the condition complained of and had actual and constructive notice of the aforesaid condition prior to the occurrence herein.

**FOURTEENTH:**   That said incident and injuries to the plaintiff were caused solely and wholly by reason of the negligence of the defendant and without any negligence on the part of the plaintiff contributing thereto.

**FIFTEENTH:**  That this action falls within one or more of the exceptions set forth in CPLR §1602.

**SIXTEENTH:**  That as result of the foregoing, the plaintiff was injured, both physically and mentally, in an amount which exceeds the jurisdictional limits of all lower Courts that would otherwise have jurisdiction.

3

3rd day of August, 2006 plus the costs and disbursements of this action.

Dated:  Rockville Centre, New York
        September 17, 2007

                                        Yours, etc.

                                        _Keith Davidson_
                                        KEITH S. DAVIDSON, ESQ.
                                        DAVIDSON & COHEN, P.C.
                                        Attorneys for Plaintiff
                                        265 Sunrise Highway
                                        Rockville Centre, New York 11570
                                        (516) 763-6700

5

## AS AND FOR A SECOND CAUSE OF ACTION IN FAVOR OF

## PLAINTIFF, BUDDIE GREENBERG:

**SEVENTEENTH:** That this plaintiff repeats, reiterates, realleges and reaffirms each and every allegation contained in this complaint in paragraphs numbered "FIRST" through and including "SIXTEENTH" with the same force and effect as though fully set forth at length herein.

**EIGHTEENTH:** That heretofore and all the times hereinafter mentioned, this plaintiff was and still is the husband of the plaintiff, SHEILA GREENBERG, and resides with said plaintiff in a common household, and as such is entitled to the services, comfort and society of his said wife, SHEILA GREENBERG.

**NINETEENTH:** That by reason of the foregoing, and the wrongful, unlawful and negligent acts and omissions on the part of the defendant as aforesaid and due to the injuries sustained by the aforesaid plaintiff, SHEILA GREENBERG, this plaintiff was and will be deprived of the services, comfort and society of his said wife, the plaintiff, SHEILA GREENBERG, all to this plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower Courts that would otherwise have jurisdiction.

**WHEREFORE,** the plaintiff, SHEILA GREENBERG, demands judgment against the defendant on her cause of action in a sum which exceeds the jurisdictional limits of all lower Courts, that would otherwise have jurisdiction and the plaintiff, BUDDIE GREENBERG, demands judgment against the defendant on his cause of action in a sum which exceeds the jurisdictional limits of all lower Courts, that would otherwise have jurisdiction, TOGETHER with interest thereon from the

4

DAVIDSON & COHEN, P.C.

ATTORNEYS AT LAW
265 SUNRISE HIGHWAY
ROCKVILLE CENTRE, NEW YORK 11570

(516) 763-6700
(516) 763-0567 FACSIMILE

BRUCE E. COHEN
KEITH S. DAVIDSON
JANET L.H. SMITELLI

## TELECOPY FOR IMMEDIATE DELIVERY

TOTAL PAGES: 29
(Including cover sheet)

From Janet Smitelli

To David (my Save)

DATE: _____

TO: _____

FAX NO.: _____

FROM: _____

RE: _____

SPECIAL INSTRUCTIONS: _____

_____

_____

_____

## IMPORTANT NOTICE

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY-CLIENT PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X------------------------------------------------------------------

SHEILA GREENBERG and BUDDIE GREENBERG,

Plaintiffs,

-against-

HOME DEPOT U.S.A., INC.

Defendant.

X------------------------------------------------------------------

**MOTION REMANDING THE
ACTION TO STATE COURT**

Index No. 10675-07

The Plaintiffs, SHEILA GREENBERG and BUDDIE GREENBERG by their attorneys,

DAVIDSON & COHEN, P.C. hereby moves this Court for an Order remanding the above entitled

action to the Supreme Bronx State Court from whence the action was removed, on the grounds that

notice of removal was untimely, so that all further proceedings of the matter including the trial may

be had in this Court of original jurisdiction.

Dated: Rockville Centre, New York
December 12, 2007

Yours, etc.

#1335

Janet L.H. Smitelli, Esq.
DAVIDSON & COHEN, P.C.
Attorneys for Plaintiff
265 Sunrise Highway
Rockville Centre, New York 11570
(516) 763-6700

TO:     D'Amato & Lynch, LLP
        Attorneys for Defendant
        70 Pine Street
        New York, New York 10270-0110

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X-----------------------------------------------------------------
SHEILA GREENBERG and BUDDIE GREENBERG,

          Plaintiffs,

               **AFFIRMATION**

-against-

HOME DEPOT U.S.A., INC.

        Index No. 10675-07

          Defendant.
X-----------------------------------------------------------------

JANET I. HELLER SMITELLI, an attorney duly admitted to practice law before the Courts of the State of New York and before the Southern District of New York, hereby affirms the following under penalties of perjury:

I am associated with the law firm of Davidson & Cohen, P.C., attorneys for the plaintiff in the above entitled action and, as such, am familiar with this matter as evidenced by the file maintained by our office. This action arises out of a slip and fall accident at defendant's store which occurred on August 3, 2006. As a result, a Summons and Complaint dated Sept. 17, 2007, was served upon the defendant on Oct. 2, 2007, by service upon the Secretary of State. Annexed hereto as Exhibit "A" and "B" respectively, is a copy of the Summons & Complaint and affidavit of service. The index number was purchased in this matter on Sept. 24, 2007.

Defendant attorneys requested an extension of time within which to answer on Oct. 12, 2007 and issue was joined by service of an Answer by the defendant on Nov. 12, 2007. See copy of defendant's extension letter, answer and discovery demands annexed hereto as Exhibit "C", "D" and

"F" respectively.

Over two weeks thereafter, defendant attorney filed and served a Notice of Removal dated November 29, 2007. See copy of said Removal papers annexed hereto as Exhibit "F". This Notice of Removal was clearly untimely and beyond the thirty day limitation period as outlined in 28 U.S.C.A. Section 1446.

In the case of Bertrand v. Vingan 899 F.Supp. 1198 (S.D.N.Y. 1995), a defendant seeking removal must strictly comply with all statutory requirements, and where there is a doubt as to whether requirements have been satisfied, the case should be remanded. See also generally Citibank N.A. v. McGuirl 888 F.Supp 39 (S.D.N.Y. 1995).

Additionally, the party seeking to sustain removal not the party seeking remand bears the burden of demonstrating that the removal was proper see Wilds v. United Parcel Service Incorporated 262 F.Supp.2d 163 (S.D.N.Y. 2003) and Cassara v. Ralston 832 F.Supp 752 (S.D.N.Y. 1993).

Defendants have also failed to prove a complete diversity in this matter in that the defendant Home Depot derives substantial revenue from New York State. Defendant, Home Depot is the world's largest home improvement retailer operating more than 1500 stores across North America. According to their official website, their revenue in 2006 was $90.837 billion. It is axiomatic therefore that this huge corporation has many connections with New York State and in fact has been a defendant in many New York actions according to "Blaw" and "Lexis" web sites.

The Courts generally strictly construe the removal statutes in favor of remand and against removal. See generally, Boskey v. Kroger Tex L.P. 288 F. 3rd 208, 211 (5th Circuit, 2002), also Diaz v. Shephard 85 F. 3rd 1502, 1505 (11th Circuit 1996). Brown v. Francis 75 F. 3rd 860, 864 and 865 (3rd Circuit 1996) and Duncan v. Stuetzle 76 F. 3rd 1480, 1485 (9th Circuit 1996).

In response to the grounds asserted by defendant, plaintiff herein claims that the defendant has served their Notice of Removal untimely and there is not complete diversity. Finally, if removal does not occur, the plaintiff will be prejudiced in that the court of original jurisdiction is better suited to handle these types of negligence cases and the location of the State Court is closer to the material witnesses and parties.

This action should immediately be remanded to the State Court from whence the action was removed. The defendant did not timely file and serve their removal papers and there has been no waiver or stipulation to extend this time period for Removal and no valid reason for the delay in filing the notice proffered by defense attorney. Additionally as set forth above there is incomplete diversity herein in that the defendant derives substantial revenue from this state.

WHEREFORE an Order remanding this action to the Bronx Supreme State Court is herein respectfully requested.

Affirmed: Rockville Centre, New York
December 12, 2007

JANET L. HELLER SMITELLI

#1335

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

X--------------------------------------------------------------- Index No. 301117

SHEILA GREENBERG and BUDDIE GREENBERG,

                                    Plaintiffs,

                                                        Date filed:
                                                        Plaintiffs designate
                                                        BRONX County as the
                                                        place of trial

-against-                                               The basis of the venue is
                                                        Plaintiffs' residence

HOME DEPOT U.S.A., INC.,                                **SUMMONS**
                                                        Plaintiffs reside at
                                    Defendant           3135 Johnson Avenue
                                                        Bronx, New York 10463

X---------------------------------------------------------------
County of Bronx

To the above-named Defendants:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiffs' attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Rockville Centre, New York
September 17, 2007

                                                        Yours, etc.

                                                        *[signature]*
                                                        KEITH S. DAVIDSON, ESQ.
                                                        DAVIDSON & COHEN, P.C.
                                                        Attorneys for Plaintiffs
                                                        265 Sunrise Highway
                                                        Rockville Centre, New York 11570
                                                        (516) 763-6700

RECEIVED
07 SEP 24  PM 3:04
BRONX COUNTY
COUNTY CLERK

Defendant's address:

HOME DEPOT U.S.A., INC.
c/o CORPORATION SERVICE
COMPANY
80 STATE STREET
ALBANY, NEW YORK 12207-2543

RECEIVED

07 SEP 24 PM 3:05

BRONX COUNTY
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
X------------------------------------------------------------------
SHEILA GREENBERG and BUDDIE GREENBERG,

                    Plaintiffs,

        -against-                                      Index No.

HOME DEPOT U.S.A., INC.

                    Defendant.

------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Plaintiffs, SHEILA GREENBERG and BUDDIE GREENBERG, by their attorneys, DAVIDSON & COHEN, P.C., complaining of the defendant herein, respectfully show to this Court and allege:

**AS AND FOR A FIRST CAUSE OF ACTION IN FAVOR OF PLAINTIFF, SHEILA GREENBERG:**

**FIRST:** That at all times hereinafter mentioned, the plaintiff was an adult resident of the County of Bronx, State of New York.

**SECOND:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., was a foreign business corporation duly authorized to transact business in the State of New York.

**THIRD:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., was a foreign business corporation doing business in the State of New York.

1

**FOURTH:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., owned premises located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**FIFTH:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., owned the Home Depot store located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**SIXTH:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., operated the Home Depot store located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**SEVENTH:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., supervised the Home Depot store located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**EIGHTH:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., controlled the Home Depot store located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**NINTH:** That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., maintained the Home Depot store located at 68 Thompson Square, Monticello, County of Sullivan, State of New York.

**TENTH:** That it was the duty of the defendant to maintain the aforesaid premises in a safe condition for persons visiting same.

2

**ELEVENTH:**    That on the 3rd day of August, 2006, while the plaintiff, SHEILA GREENBERG, was lawfully a patron at the aforementioned store, she was caused to be injured due to the negligence of the defendant.

**TWELFTH:**    That the negligence of the defendants consisted, amongst other things, in failing to keep the aforesaid  premises in a reasonably safe condition; in failing to perform proper inspections; in failing to perform proper clean-up operations; in causing and/or permitting hazardous, slippery and dangerous condition to exist at the premises aforementioned; in failing to post signs or warnings at the location aforesaid; and in otherwise being negligent in the premises.

**THIRTEENTH:**    That the defendant actually created the condition complained of and had actual and constructive notice of the aforesaid condition prior to the occurrence herein.

**FOURTEENTH:**    That said incident and injuries to the plaintiff were caused solely and wholly by reason of the negligence of the defendant and without any negligence on the part of the plaintiff contributing thereto.

**FIFTEENTH:**    That this action falls within one or more of the exceptions set forth in CPLR §1602.

**SIXTEENTH:**    That as result of the foregoing, the plaintiff was injured, both physically and mentally, in an amount which exceeds the jurisdictional limits of all lower Courts that would otherwise have jurisdiction.

3

:

## AS AND FOR A SECOND CAUSE OF ACTION IN FAVOR OF

## PLAINTIFF, BUDDIE GREENBERG:

**SEVENTEENTH:** That this plaintiff repeats, reiterates, realleges and reaffirms each and

every allegation contained in this complaint in paragraphs numbered "FIRST" through and including

"SIXTEENTH" with the same force and effect as though fully set forth at length herein.

**EIGHTEENTH:** That heretofore and all the times hereinafter mentioned, this plaintiff was

and still is the husband of the plaintiff, SHEILA GREENBERG, and resides with said plaintiff in

a common household, and as such is entitled to the services, comfort and society of his said wife,

SHEILA GREENBERG.

**NINETEENTH:** That by reason of the foregoing, and the wrongful, unlawful and negligent

acts and omissions on the part of the defendant as aforesaid and due to the injuries sustained by the

aforesaid plaintiff, SHEILA GREENBERG, this plaintiff was and will be deprived of the services,

comfort and society of his said wife, the plaintiff, SHEILA GREENBERG, all to this plaintiff's

damage in an amount which exceeds the jurisdictional limits of all lower Courts that would

otherwise have jurisdiction.

**WHEREFORE,** the plaintiff, SHEILA GREENBERG, demands judgment against the

defendant on her cause of action in a sum which exceeds the jurisdictional limits of all lower Courts,

that would otherwise have jurisdiction and the plaintiff, BUDDIE GREENBERG, demands judgment

against the defendant on his cause of action in a sum which exceeds the jurisdictional limits of all

lower Courts, that would otherwise have jurisdiction, TOGETHER with interest thereon from the

4

3rd day of August, 2006 plus the costs and disbursements of this action.

Dated: Rockville Centre, New York
September 17, 2007

Yours, etc.

_____

KEITH S. DAVIDSON, ESQ.
DAVIDSON & COHEN, P.C.
Attorneys for Plaintiff
265 Sunrise Highway
Rockville Centre, New York 11570
(516) 763-6700

5

The undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms the following pursuant to CPLR 2106:

Your affirmant is a member of the law firm of DAVIDSON & COHEN, P.C., the attorneys of record for the plaintiff in the within action; your affirmant has read the foregoing **SUMMONS** and **VERIFIED COMPLAINT** and knows the contents thereof; the same is true to your affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters your affirmant believes it to be true. This verification is made by your affirmant and not by plaintiff in that plaintiff does not reside within the county wherein the undersigned affirmant maintains his office.

The grounds of your affirmant's belief as to all matters not stated upon your affirmant's knowledge are as follows: Information and papers contained in affirmant's file and conversations with plaintiff.

Dated: Rockville Centre, New York
September 17, 2007

KEITH S. DAVIDSON

Index # 301172-07

Purchased/Filed: September 24, 2007

# AFFIDAVIT OF SERVICE ON A CORPORATION BY THE SECRETARY OF STATE

| State of New York | Supreme Court | Bronx County |
|---|---|---|

Sheila Greenberg and Buddie Greenberg                                    Plaintiff

against

Home Depot U.S.A., Inc.                                                        Defendant

| STATE OF NEW YORK ) | **DESCRIPTION OF PERSON SERVED:** | Approx. Age: | 45 yrs |
|---|---|---|---|
| COUNTY OF ALBANY ) SS | | | |
| CITY OF ALBANY ) | | | |

Weight: 155 Lbs  Height:  5'5  Sex:  Female  Color of skin:  White

Hair color:  Blonde  Other:  White

Robin Brandow                                    , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on     October 2, 2007     , at     11:30am     , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons & Verified Complaint                                                                        on

Home Depot U.S.A., Inc.                                                                                , the

Defendant in this action, by delivering to and leaving with     Donna Christie

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of the State of New York, two (2) true copies thereof and that at the time of

making such service, deponent paid said Secretary of State a fee of     40.00     dollars; That said service

was made pursuant to Section     BUSINESS CORPORATION LAW §306.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Sworn to before me on this

2nd    day of     October, 2007

FAITH COZZY
NOTARY PUBLIC, State of New York
No. 01CO6158874, Albany County
Commission Expires Jan 8, 2011

Robin Brandow

Invoice•Work Order # 0720140

State of New York - Department of State
Receipt for Service

Cash #: 200710030159
Fee Paid: $40 - CHECK

Receipt #: 200710030216
Date of Service: 10/02/2007
Service Company: 02 ALEXANDER POOLE & CO., INC. - 02

Service was directed to be made pursuant to: SECTION 306 OF THE BUSINESS CORPORATION LAW

Party Served: HOME DEPOT U.S.A., INC.

Plaintiff/Petitioner:
GREENBERG, SHEILA

Service of Process Address:
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543

Secretary of State
By DONNA CHRISTIE