# D'AMATO & LYNCH, LLP

GEORGE O. D'AMATO (2007)
LUKE D. LYNCH (1988)
FOUNDING PARTNERS

ATTORNEYS AT LAW
70 PINE STREET
NEW YORK, N.Y. 10270-0110
TELEPHONE 212-269-0927
TELECOPIER: 212-269-3559
WWW.DAMATO-LYNCH.COM

Direct Dial: (212) 909-2142
E-Mail: KWesiak@damato-lynch.com

LONDON OFFICE
LLOYD'S
ONE LIME STREET
LONDON, EC3M7HA, ENGLAND
TELEPHONE 0207 816 5977
TELECOPIER 0207 816 7257

October 12, 2007

**VIA FACSIMILIE**
Keith S. Davidson, Esq.
Davidson & Cohen, PC
265 Sunrise Highway
Rockville Centre, New York 11570

Re: Shelia Greenberg v. Home Depot U.S.A., Inc.,
Supreme Court, County of Bronx (Index No.: 301172/07)

Dear Mr. Davidson:

Pursuant to our telephone conversation this morning, this letter will confirm that the time for Home Depot U.S.A., Inc. to answer, move, or otherwise appear in the above-captioned action has been extended on consent through and including November 12, 2007.

Please therefore be good enough to confirm the foregoing by signing this letter below and faxing it back to me at (212) 269-3559. If my understanding is in any way inaccurate, please advise me immediately in writing.

#281071v1

Keith S. Davidson, Esq.
October 12, 2007
Page 2

Thank you for your courtesy and cooperation.

Very truly yours,

*[signature]*

Kristen J. Wesiak
Paralegal

The foregoing is hereby agreed and
consented to this 12th day of October, 2007

_*[signature]*_____
KEITH S. DAVIDSON, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X

SHELIA GREENBERG and BUDDIE GREENBERG,

                          Plaintiffs,

-against-

THE HOME DEPOT U.S.A. INC.,

                          Defendant.

------------------------------------------------------------X

Index No.: 3011722/07

**<u>VERIFIED ANSWER</u>**

      Defendant, THE HOME DEPOT U.S.A., INC., by its attorneys, D'AMATO & LYNCH, LLP, as and for its answer, alleges as follows:

      1. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Verified Complaint.

      2. Admits the truth of the allegations set forth in paragraph "2" of the Verified Complaint.

      3. Admits the truth of the allegation set forth in paragraph "3" of the Verified Complaint.

      4. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Verified Complaint.

      5. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Verified Complaint.

      6. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Verified Complaint.

7. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Verified Complaint.

8. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Verified Complaint.

9. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Verified Complaint.

10. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Verified Complaint.

11. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Verified Complaint.

12. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Verified Complaint.

13. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Verified Complaint.

14. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Verified Complaint.

15. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Verified Complaint and submits this is a question of law to be resolved by the Court.

16. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Verified Complaint.

17. Answering paragraph "17" of the Verified Complaint, the answering defendant repeats, reiterates and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief set forth previously to paragraphs "1"

through "16" of the Verified Complaint herein, with the same force and effect as if the same were fully set forth herein at length.

18. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Verified Complaint.

19. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20. Upon information and belief, the culpable conduct and comparative and contributory negligence of plaintiff and others contributed to and caused the liability and damages alleged.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21. Upon information and belief, if plaintiff sustained any injuries or damages as alleged in the Verified Complaint, such injuries or damages were the result of the culpable conduct and/or assumption of risk by plaintiff. If found, however, that the answering defendant is liable to plaintiff herein, which liability is specifically denied, then the answering defendant alleges that, if any damages are found, they are to be apportioned among the parties according to the degree of responsibility that each is found to have for the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22. Upon information and belief, plaintiff failed to take any, or sufficient, action which was necessary to mitigate or minimize the damages allegedly sustained in this action.

-3-

#283083v1

unto itself the defenses of accord and satisfaction, arbitration and award, discharge of bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, *res judicata*, Statute of Frauds, Statute of Limitations, waiver, and other matter constituting an avoidance or an affirmative defense which further investigation of this matter may prove applicable herein.

**WHEREFORE**, defendant HOME DEPOT U.S.A., INC. demands judgment dismissing the Complaint as to the answering defendant, together with costs and disbursements of this action awarded to said defendant.

Dated: New York, New York
November 12, 2007

                Yours, etc.,

                D'AMATO & LYNCH, LLP

         By: *Megan Marchick* (signature)
                Megan Marchick, Esq.
                Attorneys for Defendant
                HOME DEPOT U.S.A., INC.
                70 Pine Street
                New York, New York 10270
                (212) 269-0927
                **Our File No.: 434-74785**

TO:  Keith Davidson, Esq.
      Davidson & Cohen, P.C.
      Attorneys for Plaintiffs
      265 Sunrise Highway
      Rockville Centre, New York 11570
      (516) 763-6700

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------- X

SHELIA GREENBERG and BUDDIE　　　　　　　Index No.: 301172/07
GREENBERG,

                 Plaintiffs,

   -against-　　　　　　　　　　　　　　　　　**REQUEST FOR**
　　　　　　　　　　　　　　　　　　　　　　　　**SUPPLEMENTAL DEMAND**

HOME DEPOT U.S.A., INC.,

                 Defendant.

---------------------------------------------------------- X

    Pursuant to Section 3017(c) of the Civil Practice Law and Rules, within 15 days from the date of the service of this Demand, you are hereby required to set forth the total damages to which plaintiffs deems themselves entitled and list same separately for each cause of action or claim.

Dated:     New York, New York
           November 12, 2007

                                         Yours, etc.,

                                         D'AMATO & LYNCH, LLP

                             By:   *Megan Marchick* (signature)
                                  Megan Marchick, Esq.
                                  Attorneys for Defendant
                                  HOME DEPOT U.S.A., INC.
                                  70 Pine Street
                                  New York, New York 10270
                                  (212) 269-0927
                                  **Our File No.: 434-74785**

#283087v1

Exhibit "E"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

SHELIA GREENBERG and BUDDIE
GREENBERG,

                Plaintiffs,

-against-

HOME DEPOT U.S.A., INC.,

                Defendant.

-------------------------------------------------------------x

Civil Action No. 07 CV 10675

NOTICE OF REMOVAL



301172-07

To The Honorable Judges of The United States District Court for The Southern District of New York:

      Removing party, Home Depot U.S.A., Inc. ("Home Depot"), by its attorneys, D'Amato & Lynch, LLP, respectfully shows this Court:

    1.    Home Depot is the defendant in the above-entitled action.

    2.    On or about September 24, 2007, the above-entitled action was commenced against Home Depot by the filing of a summons with notice in the Supreme Court of the State of New York, County of Bronx, under Index No. 301172/07, and is now pending therein. A copy of the Summons & Complaint is annexed as Exhibit "A".

    3.    On or about October 5, 2007, CT Corporation was served with a summons and complaint in the above-entitled action.

    4.    Home Depot served its Answer to the Complaint on November 12,

#284406v1

2007 along with a Request for a Supplemental Demand. A copy of Home Depot's Answer and Supplemental Demand is annexed as Exhibit "B".

5. On or about November 16, 2007, plaintiff responded to Home Depot's Request for a Supplemental Demand by demanding $2,000,000 in damages. (See Exhibit "C").

6. No further proceedings have been held herein in the Supreme Court of the State of New York, County of Bronx.

7. Pursuant to plaintiff's Supplemental Demand, the amount in controversy in the above-entitled action, exclusive of interest and costs, exceeds $75,000.00.

8. Plaintiffs', by their own admission, are residents of the State of New York.

9. Home Depot is a corporation duly organized and existing pursuant to the laws of the State of Delaware, having its principal office in the State of Georgia.

10. The above-entitled action is a personal injury action to recover damages for injuries allegedly sustained by the plaintiff's.

11. Plaintiff's allege that her injuries were caused by the negligence of Home Depot.

12. This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1332, and the action may therefore be removed to this Court pursuant

#284406v1

to 28 U.S.C. §1441(b).

13.  This notice is timely filed pursuant to 28 U.S.C. §1446.

WHEREFORE, removing party Home Depot U.S.A., Inc. prays that the above-entitled action be removed from the Supreme Court of the State of New York, County of Bronx to this Court.

Dated: New York, New York
       November 29, 2007

                                              D'AMATO & LYNCH, LLP

                                   By: _____
                                          MEGAN MARCHICK, ESQ.
                                          Attorneys for Defendant
                                          HOME DEPOT U.S.A., INC.
                                          70 Pine Street
                                          New York, New York 10270
                                          (212) 269-0927

To:   DAVIDSON & COHEN, P.C.
       Attorneys for Plaintiffs
       Office & P.O. Box Address
       265 Sunrise Highway
       Rockville Center, NY 11570
       (516) 763-6700

# DAVIDSON & COHEN, P.C.
### ATTORNEYS AT LAW
265 SUNRISE HIGHWAY
ROCKVILLE CENTRE, NEW YORK 11570

(516) 763-6700
(516) 763-0567 FACSIMILE

BRUCE E. COHEN
KEITH S. DAVIDSON

JANET L.H. SMITELLI

November 16, 2007

RECEIVED
NOV 20 2007
D'AMATO & LYNCH

D'Amato & Lynch, LLP
70 Pine Street
New York, New York 10270-0110

Attention: Megan Marchick, Esq.

Re: Sheila Greenberg v. Home Depot USA, Inc.
File number: 434-74785

Dear Ms. Marchick:

Enclosed please find the signed stipulation on confidentiality that you recently sent to my office. In response to your request for supplemental demands, please be advised that the plaintiff, Sheila Greenberg, is claiming damages on her cause of action in the sum of $2,000,000.00 and the plaintiff, Buddie Greenberg, is claiming damages on his cause of action in the sum of $200,000.00. In addition, I am enclosing a copy of the index number receipt and a copy of the stamped proof of service from the County Clerk of Bronx County that the Summons was filed on September 24, 2007. Lastly, I have enclosed a copy of the affidavit of service made on your client.

Very truly yours,

DAVIDSON & COHEN, P.C.

Keith S. Davidson

KSD/ro
Encl.