UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

SHELIA GREENBERG and BUDDIE
GREENBERG,

                            Plaintiffs,

            -against-

HOME DEPOT U.S.A., INC.,

                         Defendant.

------------------------------------------------------------- x

Civil Action No.: CV 07 10675

**OPPOSITION TO PLAINITFFS'
MOTION TO REMAND**

Megan Marchick, an attorney duly admitted to practice in the Courts of the State of New York and before the Southern District of New York, hereby affirms the following under the penalties of perjury:

1. I am associated with the law firm of D'AMATO & LYNCH, LLP, attorneys for defendant The Home Depot, U.S.A., Inc. ("Home Depot"), and I am fully familiar with all the pleadings and proceedings heretofore had herein from a review of the file maintained by my office for this matter.

2. This affirmation is respectfully submitted in opposition to plaintiffs' motion to remand the action to state court.

3. Plaintiffs' submission to the Court that the Notice of Removal was untimely is without merit. Plaintiffs clearly have conveniently utilized only one portion of 28 U.S.C. §1446(b) in an attempt to bolster an argument unsupported by the second portion of 28 U.S.C. §1446(b). Plaintiffs' are fully aware that 28 U.S.C. §1446(b) states that:

> the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon defendant.

However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt . . . of . . . [an] other paper from which it may first be ascertained that the case is one which is or has become removable."

4. Similarly, plaintiffs are well aware that N.Y.C.P.L.R. §3017(c) states "[I]n an action to recover damages for personal injuries . . . the complaint . . . shall contain a prayer for general relief but **shall not** state the amount of damages to which the pleader deems himself entitled. [A] party against whom an action to recover damages for personal injuries . . . is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." See McKinney's 2007.

5. Here, plaintiffs' counsel, pursuant to N.Y.C.P.L.R. §3017(c), did not set forth a specific monetary amount of money plaintiffs are seeking in the Summons and Complaint, and, therefore, the first portion of 28 U.S.C. §1446(b) is not applicable. (A copy of the Summons and Complaint is attached hereto as Ex. A). Because N.Y.C.P.L.R. §3017(c) did not permit the plaintiffs to specify a monetary amount, Home Depot, pursuant to N.Y.C.P.L.R. §3017(c), served with its Answer a Request for a Supplemental Demand on plaintiffs' counsel on November 12, 2007. (See Ex. B).

6. On November 20, 2007, this office received a Response to the Supplemental Demand. (See. Ex. C). Notably, that response specifically states "[I]n response to your request for supplemental demands, please be advised that the plaintiff, Sheila Greenberg, is claiming damages on her cause of action in the sum of $2,000,000.00 and the plaintiff, Buddie Greenberg, is claiming damages on his cause of action in the sum of $200,000.00." Thereafter, on November 29, 2007, the Notice of Removal was timely filed with the instant Court. (See Ex. C). Plaintiffs conveniently altogether ignore in their moving papers the fact that a Request for a Supplemental Demand was duly served on their attorney's office and responded to. Significantly, plaintiffs do not dispute that the Notice of Removal was filed with the Court

within nine days of this office's receipt of the response to the Request for a Supplemental Demand. Thus, the fact that the Notice of Removal was not filed with the Court until two weeks after an answer was interposed is completely irrelevant.

7.  In a case analogize to the instant action, plaintiff commenced a personal injury action on August 16, 2006 in New York State Supreme Court, Bronx County. See Pinson v. Knoll Inc., 07 Civ. 1739 (S.D.N.Y. 2007).  The Summons and Complaint was served on the defendant on August 29, 2006 and September 1, 2006. Pursuant to N.Y.C.P.L.R. section §3017(c)[1], defendant sent a letter to plaintiff on October 9, 2006, to ascertain the exact amount of damages plaintiff sought. Id. Plaintiff did not respond to this request until February 5, 2007, stating that plaintiff sought damages: "not expected to exceed the sum of 3.5 million dollars." Id. Thereafter, on February 28, 2007, defendant filed a Petition for Removal to the United States District Court for the Southern District of New York based on the diversity of the parties, pursuant to 28 U.S.C. §1332 and §1441. Id.

8.  On March 26, 2007, the plaintiff filed a Motion to Remand to State Court  alleging that defendant's removal petition was filed more than thirty days after receipt of the Summons and Complaint in violation of 28 U.S.C. §1446(b). Pinson, 07 Civ. 1739 (S.D.N.Y. 2007). On April 16, 2007, defendant filed its Opposition to plaintiff's Motion to Remand and an accompanying Memorandum of Law. Id. The Court denied plaintiff's motion finding that the Summons and Complaint was not an "initial pleading" for removal purposes, that plaintiff's Section §3017(c) Response began the removal period, and that the action was removable. The Court noted that, in accord with New York law, the Summons and Complaint contained only a general statement of plaintiff's injuries and did not contain an ad damnum clause alleging a specific amount of damages. See N.Y.C.P.L.R. §3017(c) (McKinney's 2007) ("In an action to recover damages for personal injuries . . . the complaint . . . shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled.").

9. Thus, the Court held that plaintiff's Complaint was not sufficient to trigger the thirty day removal period under U.S.C. §1446(b). Pinson, 07 Civ. 1739 (S.D.N.Y. 2007). The Court in discussing its rationale noted that 28 U.S.C. §1446(b) states "the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon defendant." However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt . . . of . . . [an] other paper from which it may first be ascertained that the case is one which is or has become removable." Id. Like in Pinson, here the Summons and Complaint did not allege specific damages and thus was not sufficiently precise to state a removable case. See also Abdelaziz v. AE Outfitters Retails Co., CV 07-4895 (E.D.N.Y. 11-29-07) (holding that in personal injury actions the thirty day period for seeking removal **only** begins when a defendant receives "an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable.").

10. The Second Circuit addressed the requirements of an "initial pleading" to support a removal proceeding in Whitaker v. American Telecasting, Inc., 261 F.3d 196 (2d Cir. 2001). In Whitaker, the defendant's notice of removal had been filed over thirty days after the summons, but less than thirty days from the filing of the complaint. Id. at 199. The District Court had held that the "relevant event for triggering the thirty day removal clock under §1446(b) is the defendant's receipt of the complaint." Id. at 198. The Second Circuit disagreed, holding that the "triggering event" was the receipt of the "initial pleading," which the court defined as "any pleading (and not necessarily the complaint) containing sufficient information to enable the defendant to intelligently ascertain the basis for removal." Id. The court further held that in cases where removal is based upon diversity, the facts required to support the removal petition

include the amount in controversy and the address of each party. <u>Whitaker</u> dictates that the Summons and Complaint in this case were inadequate to serve as the "initial pleading" for the purposes of §1446(b). Here, in accordance with the pleading requirements for personal injury cases under N.Y.C.P.L.R. section §3017(c), plaintiffs did not include an ad damnum clause in their complaint. All that the Complaint provides, in terms of a damages assessment, is an allegation that plaintiff was injured. (Compl. ¶16). The description of injuries is very broad, and only states that plaintiff "was caused to be injured". (Compl. ¶11). Given the ambiguity of the injury alleged, the Summons and Complaint is this case is even less adequate as triggering documents than the summons at issue in <u>Whitaker</u>.

11. Plaintiffs' Section §3017(c) Response began the removal period. That Response claims $2 million in damages for the alleged injured plaintiff and $200,000 in damages for the husband for a loss of consortium claim. (See Ex. C). Offered in response to Defendant's request for the "value of the damages," (See Exhibits B and C), made under N.Y.C.P.L.R. section §3017(c), this brief statement of the maximum damages claimed is clear on its face and put Home Depot on notice that the case is removable, as the stated figure exceeds the statutory requirement of $75,000. 28 U.S.C. §1332(a). Thus, the thirty day period began on November 20, 2007 when the plaintiffs' section §3017(c) Response was provided to the defendant. Home Depot filed its Notice of Removal on November 29, 2007, within the statutory thirty-day period provided in 28 U.S.C. §1446(b).

12. In <u>Bosky v. Kroger, LP,</u> 288 F.3d 208 (5th Cir. 2002), the Court stated that the thirty day time in which a defendant "must remove a case starts to run from defendant's receipt of the initial pleading **only** when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." The Court noted that this rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know and that the better

policy is to focus the parties' and the court's attention on what the initial pleading sets forth." Id. The Court further stated that the "information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally, clear and certain' to start the time limit running for a notice of removal" under the second paragraph of 28 U.S.C. §1446(b). Notably, the Court pointed out that the "clearer threshold promotes judicial economy. It should reduce 'protective' removals by defendants faced with an equivocal record. It should also discourage removals before their factual basis can be proven by a preponderance of the evidence . . ."

13.   Because on November 27, 2003, N.Y.C.P.L.R. §3017(c) was amended by prohibiting plaintiffs from inserting into the Summons and Complaint an ad damnum clause, the cases cited by plaintiffs' counsel such as Bertrand v. Vingan, 899 F. Supp. 1198 (S.D.N.Y. 1995) in support of their unsupportable argument that the Notice of Removal was untimely are not applicable. Plaintiffs are well aware of the fact that such cases are not relevant in the instant action because, unlike here, those plaintiffs were permitted to and did specify a monetary amount being sought in the Summons and Complaint, thereby triggering the thirty day removal period to federal court. Besides plaintiffs' counsel misplaced reliance on cases such as Bertrand v. Vingan, 899 F. Supp. 1198 (S.D.N.Y. 1995), plaintiffs' counsel's reliance on cases such as Citibank N.A. v. McGuirl, et al., 888 F.Supp. 39 (S.D.N.Y. 1995) is equally misplaced because the defendants in Citibank, unlike here, removed the case to federal court three years after they defaulted in the foreclosure action. Further, unlike here, in Citibank, the basis of removal in part was premised on a federal question, which the Court found was lacking. Here, unlike in Citibank, the case was timely removed to the instant Court, a mere nine days after Home Depot received a Response to its Request for a Supplemental Demand.

14.   Not only is plaintiffs' counsel's argument concerning timeliness of the removal without merit, but her argument pertaining to diversity is also contrary to settled law. Section

§28 U.S.C. 1332(a) states that "[T]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" citizens of different States. Notably, plaintiffs' counsel does not dispute that the amount in controversy is in excess of $75,000.  Rather, despite the information contained in the Notice of Removal and a telephone conversation with counsel for Home Depot concerning its corporate citizenship, plaintiffs filed a motion to remand arguing that Home Depot is a citizen of New York because it allegedly derives substantial revenue from New York. This "argument" is immaterial because whether or not Home Depot derives substantial revenue from New York is completely irrelevant for purposes of determining the citizenship of a corporation, pursuant to §28 U.S.C. 1332.  Section 28 U.S.C. §1332(c)(1) defines a corporation's citizenship as the State it was incorporated in and the State where it has its principal place of business. Home Depot was incorporated pursuant to the laws of Delaware and its principal place of business is located in Georgia. Plaintiffs, as mentioned in the Summons and Complaint, are residents of New York. Thus, contrary to plaintiffs' assertion, there is complete diversity between plaintiffs and defendant.

15. In Garrison v. Value City Department Stores, 07-CV-845-JPG (S.D. Ill. 12-17-2007), the Court denied plaintiff's motion to remand because the Court had original jurisdiction pursuant to 28 U.S.C. §1332. In Garrison, the defendant operated a store in Illinois where plaintiff allegedly sustained personal injuries. Plaintiff commenced a personal injury lawsuit in the state court of Illinois. Value City timely removed the case to federal court claiming diversity of citizenship was met because it was incorporated and had its principal place of business in Ohio. Here, as the removal papers state and as explained to plaintiffs' counsel, Home Depot was incorporated in Delaware and its principal place of business is located in Georgia. A simply search on the website for New York State's Department of Business reveals that Home Depot was incorporated pursuant to the laws of Delaware and that

its principal place of business is in Georgia. (See Ex. D). References by plaintiffs' counsel to the alleged number of stores Home Depot has in North America, the amount of revenue Home Depot allegedly derived in 2006, and the number of lawsuits filed against it in New York are nothing more than red herrings that have no place in a §28 U.S.C. 1332 analysis of a corporation's citizenship. Here, there is complete diversity, because plaintiffs are citizens of New York and Home Depot was incorporated pursuant to the laws of Delaware and has its principal place of business in Georgia.

16.   Plaintiffs' counsel submits that cases such as <u>Bosky v. Kroger Tex L.P.</u>, 288 F.3rd 208, 211 (5th Circuit 2002) stand for the proposition that any doubt concerning removal should be resolved in favor of remand, but plaintiffs' counsel is fully aware of the fact that the Court in <u>Bosky</u> only stated that doubts concerning removal should be resolved in favor of remand after finding that the jurisdictional prerequisite to removal was not met. <u>Id</u>. at 211. In fact, conveniently left out of plaintiffs' motion papers, is the fact that unlike here, in <u>Bosky</u>, removal was based on an argument that the Virgin Islands Government was a state for purposes of establishing diversity, which the Court found was unsupported by §1332. Unlike in <u>Bosky</u>, here, there is no doubt that there is complete diversity. Similarly, plaintiffs' counsel erroneously relies on <u>Duncan v. Stuetzle</u>, 76 F.3d 1480 (9th Cir. 1996) in further support of her argument that Courts resolve removal issues in favor of remand because here there is no doubt that the removal was proper. <u>Duncan</u>, unlike the case at bar, involved an issue of whether or not the complaint set forth a claim for patent infringement, and, therefore, would provide the Court with federal jurisdiction over the case. <u>Id</u>.

17. Home Depot has established by a preponderance of the evidence that the Notice of Removal was timely and that there is complete diversity of citizenship between it and plaintiffs. 28 U.S.C. §1332 and 28 U.S.C. §1446(b). Thus, the United States District Court for

the Southern District of New York has original jurisdiction over this case pursuant to 28 U.S.C. §1332. For the aforementioned reasons, Plaintiffs' Motion to Remand should be denied.

WHEREFORE, Defendant Home Depot U.S.A., Inc. prays that plaintiffs' motion to remand the instant action be denied.

Dated: New York, New York
        January 2, 2007

D'AMATO & LYNCH, LLP

By:    _Megan Marchick_

MEGAN MARCHICK, ESQ.
Attorneys for Defendant
HOME DEPOT U.S.A., INC.
70 Pine Street
New York, New York 10270
(212) 269-0927

To:     DAVIDSON & COHEN, P.C.
        Attorneys for Plaintiffs
        Office & P.O. Box Address
        265 Sunrise Highway
        Rockville Center, NY  11570
        (516) 763-6700

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X   Index No. 301172-07

SHEILA GREENBERG and BUDDIE GREENBERG,

                                 **Plaintiffs,**

       -against-

HOME DEPOT U.S.A., INC.,

                                 **Defendant**
------------------------------------------------------------X

Date filed:
Plaintiffs designate
BRONX County as the
place of trial

The basis of the venue is
Plaintiffs' residence
**SUMMONS**
Plaintiffs reside at
3135 Johnson Avenue
Bronx, New York 10463

County of Bronx

To the above-named Defendants:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiffs' attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Rockville Centre, New York
     September 17, 2007

                         Yours, etc.

                         KEITH S. DAVIDSON, ESQ.
                         DAVIDSON & COHEN, P.C.
                         Attorneys for Plaintiffs
                         265 Sunrise Highway
                         Rockville Centre, New York 11570
                         (516) 763-6700

Defendant's address:

HOME DEPOT U.S.A., INC.
c/o CORPORATION SERVICE
COMPANY
80 STATE STREET
ALBANY, NEW YORK 12207-2543

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------- X

SHELIA GREENBERG and BUDDIE
GREENBERG,

                     Plaintiffs,

          -against-

HOME DEPOT U.S.A., INC.,

                     Defendant.

------------------------------------------------------------- X

**Index No.: 301172/07**

**REQUEST FOR
SUPPLEMENTAL DEMAND**

        Pursuant to Section 3017(c) of the Civil Practice Law and Rules, within 15 days from the date of the service of this Demand, you are hereby required to set forth the total damages to which plaintiffs deems themselves entitled and list same separately for each cause of action or claim.

Dated:     New York, New York
            November 12, 2007

                             Yours, etc.,

                             D'AMATO & LYNCH, LLP

         By:    *Megan Marchick*

                       Megan Marchick, Esq.
                       Attorneys for Defendant
                       HOME DEPOT U.S.A., INC.
                       70 Pine Street
                       New York, New York  10270
                       (212) 269-0927
                       **Our File No.:  434-74785**

#283087v1

TO:    DAVIDSON & COHEN, P.C.
       Attorneys for Plaintiffs
       Office & P.O. Box Address
       265 Sunrise Highway
       Rockville Center, NY  11570
       (516) 763-6700

#283087v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------X

SHELIA GREENBERG and BUDDIE           **Index No.: 3011722/07**
GREENBERG,

                     Plaintiffs,           **<u>VERIFIED ANSWER</u>**

      -against-

THE HOME DEPOT U.S.A. INC.,

                  Defendant.

------------------------------------------------------------X

Defendant, THE HOME DEPOT U.S.A., INC., by its attorneys, D'AMATO & LYNCH, LLP, as and for its answer, alleges as follows:

        1. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Verified Complaint.

        2. Admits the truth of the allegations set forth in paragraph "2" of the Verified Complaint.

        3. Admits the truth of the allegation set forth in paragraph "3" of the Verified Complaint.

        4. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Verified Complaint.

        5. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Verified Complaint.

        6. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Verified Complaint.

#283083v1

7. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Verified Complaint.

8. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Verified Complaint.

9. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Verified Complaint.

10. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Verified Complaint.

11. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Verified Complaint.

12. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Verified Complaint.

13. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Verified Complaint.

14. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Verified Complaint.

15. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Verified Complaint and submits this is a question of law to be resolved by the Court.

16. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Verified Complaint.

17. Answering paragraph "17" of the Verified Complaint, the answering defendant repeats, reiterates and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief set forth previously to paragraphs "1"

-2-

through "16" of the Verified Complaint herein, with the same force and effect as if the same were fully set forth herein at length.

18. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Verified Complaint.

19. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20. Upon information and belief, the culpable conduct and comparative and contributory negligence of plaintiff and others contributed to and caused the liability and damages alleged.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21. Upon information and belief, if plaintiff sustained any injuries or damages as alleged in the Verified Complaint, such injuries or damages were the result of the culpable conduct and/or assumption of risk by plaintiff. If found, however, that the answering defendant is liable to plaintiff herein, which liability is specifically denied, then the answering defendant alleges that, if any damages are found, they are to be apportioned among the parties according to the degree of responsibility that each is found to have for the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22. Upon information and belief, plaintiff failed to take any, or sufficient, action which was necessary to mitigate or minimize the damages allegedly sustained in this action.

-3-

#283083v1

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23. Upon information and belief, at all times relevant herein, plaintiff engaged in activity that plaintiff knew or should have known of the risks inherent in engaging in the dangerous, hazardous and threatening activities alleged in the Verified Complaint and hence assumed the risk of any injuries that may have been sustained as a result thereof.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24. Upon information and belief, plaintiff's claims for medical, dental and/or custodial care, rehabilitation services, loss of earnings or other economic loss are subject to the provisions of Section 4545(c) of the Civil Practice Law and Rules and any and all such past or future costs or expenses which were or will be replaced or indemnified, in whole or in part, from any collateral source are not recoverable in this action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

25. Upon information and belief, the alleged injuries of plaintiff, if any, were caused or contributed to, in whole or in part, by intervening and superseding causative factors and therefore the claims of plaintiff against the answering defendant should be barred.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

26. Upon information and belief, this action should not proceed in the absence of any entities and persons who should be parties.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

27. Upon information and belief, plaintiff has failed to state a cause of action upon which relief can be granted as against this defendant.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

29. The answering defendant not being fully advised as to all of the facts and circumstances surrounding the incident complained of herein, hereby asserts and reserves

-4-

into itself the defenses of accord and satisfaction, arbitration and award, discharge of bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, *res judicata*, Statute of Frauds, Statute of Limitations, waiver, and other matter constituting an avoidance or an affirmative defense which further investigation of this matter may prove applicable herein.

**WHEREFORE,** defendant HOME DEPOT U.S.A., INC. demands judgment dismissing the Complaint as to the answering defendant, together with costs and disbursements of this action awarded to said defendant.

Dated: New York, New York
          November 12, 2007

                                                  Yours, etc.,

                                                  D'AMATO & LYNCH, LLP

                              By:    _Megan Marchick_____
                                                  Megan Marchick, Esq.
                                                  Attorneys for Defendant
                                                  HOME DEPOT U.S.A., INC.
                                                  70 Pine Street
                                                  New York, New York  10270
                                                  (212) 269-0927
                                                  **Our File No.:  434-74785**

TO:    Keith Davidson, Esq.
          Davidson & Cohen, P.C.
          Attorneys for Plaintiffs
          265 Sunrise Highway
          Rockville Centre, New York 11570
          (516) 763-6700

                                                  -5-

#283083v1

# ATTORNEY'S VERIFICATION

Megan Marchick, an attorney duly admitted to practice in the Courts of the State of New York, affirms the following under penalty of perjury, being duly sworn, deposes and says:

1.      I am associated with the law firm of D'AMATO & LYNCH, LLP, the attorneys of record for defendant HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT, in the within action.

2.      I have read the foregoing VERIFIED ANSWER and know the contents thereof.

3.      The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and, as to those matters, I believe them to be true.

4.      The reason this Verification is made by me and not by the defendant HOME DEPOT U.S.A., INC. is because said defendant is not within the county where I have my office.

5.      The grounds for my belief as to all matters in the Verified Answer not stated to be upon my knowledge are based upon a review of the file and conversations with the client.

_Megan Marchick_
Megan Marchick

Dated: New York, New York
       November 12, 2007

-6-

#283083v1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )

) ss.:

COUNTY OF NEW YORK )

**KAREN ROSS**, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York. On November 12, 2007 deponent served the within **VERIFIED ANSWER** upon:

> Keith Davidson, Esq.
> DAVIDSON & COHEN, P.C.
> Office & P.O. Box Address
> 265 Sunrise Highway
> Rockville Center, NY 11570

via by depositing true copies of same in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York properly addressed to said attorneys at the above addresses designated by them for that purpose.

*Karen Ross*

**KAREN ROSS**

Affirmed before me this
12th day of November, 2007

*Bill V. Kakoullis*

NOTARY PUBLIC

BILL V. KAKOULLIS
Notary Public, State of New York
No. 02KA4783566
Qualified in Queens County
Commission Expires 10/31/20__

#283505v1

# EXHIBIT C

DAVIDSON & COHEN, P.C.

ATTORNEYS AT LAW

265 SUNRISE HIGHWAY

ROCKVILLE CENTRE, NEW YORK 11570

BRUCE E. COHEN

KEITH S. DAVIDSON

JANET L. H. SMITELLI

(516) 763-6700

(516) 763-0567 FACSIMILE

November 16, 2007

D'Amato & Lynch, LLP
70 Pine Street
New York, New York 10270-0110

Attention: Megan Marchick, Esq.

    Re: Sheila Greenberg v. Home Depot USA, Inc.
    File number: 434-74785

Dear Ms. Marchick:

    Enclosed please find the signed stipulation on confidentiality that you recently sent to my office. In response to your request for supplemental demands, please be advised that the plaintiff, Sheila Greenberg, is claiming damages on her cause of action in the sum of $2,000,000.00 and the plaintiff, Buddie Greenberg, is claiming damages on his cause of action in the sum of $200,000.00. In addition, I am enclosing a copy of the index number receipt and a copy of the stamped proof of service from the County Clerk of Bronx County that the Summons was filed on September 24, 2007. Lastly, I have enclosed a copy of the affidavit of service made on your client.

                    Very truly yours,

                    DAVIDSON & COHEN, P.C.

                    Keith S. Davidson

KSD/ro
Encl.

# EXHIBIT D

# NYS Department of State

## Division of Corporations

### Entity Information

---

Selected Entity Name: HOME DEPOT U.S.A., INC.

Selected Entity Status Information

**Current Entity Name:** HOME DEPOT U.S.A., INC.
**Initial DOS Filing Date:** SEPTEMBER 12, 1989
**County:** SUFFOLK
**Jurisdiction:** DELAWARE
**Entity Type:** FOREIGN BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
CT CORPORATION
111 EIGHTH AVE
NEW YORK, NEW YORK, 10011

**Chairman or Chief Executive Officer**
ROBERT L NARDELLI
2455 PACES FERRY RD
ATLANTA, GEORGIA, 30339-4024

**Principal Executive Office**
HOME DEPOT U.S.A., INC.
2455 PACES FERRY RD NW
ATLANTA, GEORGIA, 30339-4053

**Registered Agent**
C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

NOTE: New York State does not issue organizational identification numbers.

Search Results          New Search

Division of Corporations, State Records and UCC Home Page     NYS Department of State Home Page

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                 ) ss.:
COUNTY OF NEW YORK  )

**KAREN ROSS**, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York.  On January 2, 2008 deponent served the within **OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**  upon:

> DAVIDSON & COHEN, P.C.
> Attorneys for Plaintiffs
> Office & P.O. Box Address
> 265 Sunrise Highway
> Rockville Center, NY  11570

by depositing true copies of same in a post-paid wrapper, in an official depository via

first-class mail under the exclusive care and custody of the United States Postal Service

within the State of New York, properly addressed to said attorneys at the above addresses

designated by them for that purpose.

_Karen Ross_

**KAREN ROSS**

Affirmed before me this
2nd day of January 2008

NOTARY PUBLIC

ALFRED A. D'AGOSTINO, JR.
Notary Public, State of New York
No. 02DA4656720
Qualified in Nassau County
Commission Expires _____ 5/30/2011

#285021v1