UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHEILA GREENBERG and BUDDIE GREENBERG,

                Plaintiffs,                **REPLY AFFIRMATION**

    -against-

                                          Index No. 10675-07
HOME DEPOT U.S.A., INC.

                Defendant.
-----------------------------------------------------------------X

    JANET L. HELLER SMITELLI, an attorney duly admitted to practice law before the Federal Courts in the Southern District, and before the Courts of the State of New York, hereby affirms the following under penalties of perjury:

    I am associated with the law firm of Davidson & Cohen, P.C., attorneys for the plaintiff in the above entitled action and, as such, am familiar with this matter as evidenced by the file maintained by our office. This affirmation is submitted in Reply to defendant's opposition and is herein served by January 18, 2008.

    Simply put, defendants attorneys had received sufficient information to enable them to intelligently ascertain the basis for removal on or about October 2, 2007, when they received the Summons & Complaint. Their Notice of Removal is therefore, untimely. Within the "wherefore clause" of the Summons & Complaint annexed to the motion papers as "Exhibit A", are <u>two</u> demands which advise that both plaintiff, Sheila Greenberg, and plaintiff, Buddie Greenbergs', causes of action are <u>each</u> for a sum "which exceeds the jurisdictional limits of all lower Courts that

would otherwise have jurisdiction". Defendant attorneys therefore knew upon receipt of the initial pleadings that this was an action for personal injury that was claimed to exceed the jurisdictional limits of all lower Courts on each of the both causes of action. The argument therefore that defendants were unsure whether this lawsuit was brought for a value of between $50,000.00 and $75,000.00, or for an amount greater than $75,000, is a weak one at best.

Moreover, CPLR §3017 ( c ) does not allow the Summons & Complaint to state the amount of damages to which the pleader deems himself entitled to. Chapter 694 of the 2003, Regular Session Laws for this New York section also apparently did not consider or intend this amendment to result in the providing to large corporations extensions of time within which to file Notices of Removal. To allow defendants to take unfair advantage of the verbiage of this 2006 amendment and of the applicable U.S. Code section is improper and certainly not the intent of the state legislature or the federal legislature for that matter.

The citing in defendant's opposition papers of three claimed related unpublished cases is a meager attempt to try to find case law to rely upon. In all fairness to the Court and opposing counsel, full copies of the court decisions or orders, inclusive of all underlying pleadings and discovery relied upon by those courts, should have been provided in order to fully understand and verify the claimed similarity of decisions referred to and relied upon by this party. Likewise, any citations to a decision exclusively reported on computerized databases shall, by law, be accompanied at the very least by copies of said decisions. In addition, the fact that defendant attorney included only these types of cases which were not worthy of publish, provides further proof of the novel argument proffered herein to avoid remand. Also, when arguments and/or citations such as those set forth in the

opposition papers, are not set forth in conformity with acceptable Court rules, they should be disregarded and stricken by this Court.

The only published case cited within the opposition papers, namely the case of <u>Whitaker v. American Telecasting</u>, 261 F3d 196 2nd Circuit 2001, advised that in 1948, Congress enacted Section 1446 sub (b) in an attempt not only to ensure adequate time to remove cases to Federal Court but also to establish a national uniform time frame for removal. <u>Whitaker</u> also stands for the premise that if the exchanged documents provided information from which a defendant can ascertain removability, that would be the triggering event. In the instant action, this defendant could have properly assessed the minimal value of this action upon receiving the Summons & Complaint and possibly even before had they read the store's accident report. Accordingly, their Notice of Removal received from some fifty eight days later was untimely and a remand is therefore warranted.

Moreover, annexed hereto as Exhibit "A" is an affidavit of Plaintiff attorney partner, Keith S. Davidson, who cites to personal conversations he had not only with Robert Lang, attorney at D'Amato & Lynch, on October 12, 2007, but also with Megan Marchick, another attorney at this same defense firm, which occurred thereafter on or about November 12, 2007. Within the initial conversation with attorney Lang, the initial demand was communicated by plaintiff counsel directly to defense counsel. An extension of time to answer was provided. See Exhibit "B" which is a letter from defense counsel stemming from this initial conversation. Additionally, on October 17, 2007, a written letter along with descriptive medical records annexed hereto as Exhibit "C" was sent to defendant attorney's. Accordingly, defendant attorneys knew of their "claimed basis for removability" as early as within in two weeks of receipt of the Summons & Complaint. Specifically,

a demand to settle for an amount in the mid six figure range coupled with the MRI report and other medical records evidencing a severe shoulder injury was received by defendant attorneys as of mid October. A Notice of Removal should have been done within thirty days of receipt of these initial pleadings, or if defense counsel's opposition is relied upon, when the settlement demand of Mr. Davidson was provided to defense counsel on October 12, 2007. At the very least, the Notice of Removal should have been sent after receipt of the medical records evidencing the injury claimed to have been sustained by this plaintiff. Defense Counsel's opposition appears to create their own interpretation of the applicable laws by taking advantage of a recent change in New York law, yet ignoring the fact that their basis for diversity had been ascertained well before the time period it took them to serve the Notice of Removal. Accordingly, for the above reasons the Notice of Removal is untimely and plaintiff's motion to remand this legal action back to the Federal Court should be granted.

WHEREFORE it is respectfully requested that an Order remanding this action to the Bronx Supreme State Court is herein respectfully requested.

Affirmed: Rockville Centre, New York
January 14, 2008

_____
JANET L. HELLER SMITELLI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHEILA GREENBERG and BUDDIE GREENBERG,

                Plaintiffs,

                               **ATTORNEYS AFFIRMATION**

  -against-

                               Civil Action No.: CV 07 10675

HOME DEPOT U.S.A., INC.

                Defendant.
------------------------------------------------------------X

    KEITH S. DAVIDSON, an attorney duly licensed and admitted to practice law before this Court and the Courts of the State of New York maintaining an office at 265 Sunrise Highway, Suite 50, Rockville Centre, New York 11570 hereby affirms the following:

    I am a member of the law firm of Davidson & Cohen, P.C., and am familiar with this legal action as evidenced by the file maintained by our office. On August 3, 2006, plaintiff, SHEILA GREENBERG sustained personal injuries as a result of the defendant's negligence while lawfully at a Home Depot store.

    After being retained in this matter and after completion of our investigation, an action was commenced by the filing of a Summons and Complaint on September 24, 2007 in the Supreme Court of the State of New York, County of Bronx. Service of process was effectuated by serving the defendant through the Secretary of State's office pursuant to the Business Corporation Law.

**EXHIBIT "A"**

On October 12, 2007, your affirmant had a telephone conversation with Robert D. Lang, an attorney with the law office of D'Amato & Lynch, LLP who advised me that his firm would be representing HOME DEPOT in this action. During this conversation, Mr. Lang requested an extension of time within which to answer the Summons and Complaint and same was granted. Mr. Lang also advised me that his client, HOME DEPOT, "liked to settle cases early and asked that I send copies of the medical reports and records to him. He also asked what the case was about and to give him a settlement demand. I advised Mr. Lang that, "the plaintiff had slipped and fallen at Home Depot and sustained a serious shoulder injury." I told him that this was a mid six figure case. A letter from D'Amato & Lynch was sent to my office that day requesting an extension of time to answer and same was signed and returned to them. A copy of said letter is annexed to our motion papers as Exhibit "B".

In response to defendants request, on October 17, 2007, my office provided copies of medical reports from Bone & Joint Associates along with the MRI report from White Plains Radiology Associates showing the nature of the plaintiff's shoulder injury. See copy of our October 17, 2007 letter with medical records annexed hereto as Exhibit "C". Accordingly, the defendant's attorneys knew that plaintiff was demanding mid six figures to settle this case as early as our first conversation on October 12, 2007 and that the value of the case was in excess of the diversity requirement of $75,000.00.

Thereafter, on November 12, 2007, our office received a telephone call from Megan Marchick, another attorney from the law office of D'Amato & Lynch, LLP. Ms. Marchick reiterated

that her client liked to settle cases at an early stage and asked for our demand. I reiterated my earlier demand and told her that this is a mid six figure case and that was our demand. The defendant's Answer in this action is dated November 12, 2007, and was received by my office a few days later. The defendants answer contained a Request For Supplemental Demand and same was responded to on November 16, 2007. The defendant's Notice of Removal is dated November 29, 2007 and was received by our office a few days later.

The Notice of Removal was filed more than thirty days following the defendant's receipt of the Summons and Complaint and more than thirty days following my conversation with the defendant's attorney on October 12, 2007 where I gave them a mid six figure settlement demand. It is respectfully submitted that the Motion to Remand this action to the Supreme Court of the State of New York, County of Bronx should be granted.

Affirmed: Rockville Centre, New York
        January 14, 2008

                                      *(signature)*
                                    KEITH S. DAVIDSON

```
********** -COMM. JOURNAL- ********************  DATE OCT-12-2007 *****  TIME 14:36 *** P.01

MODE = MEMORY TRANSMISSION          START=OCT-12 14:35     END=OCT-12 14:36
     FILE NO.- 131

STN NO.   COM   ABBR NO.   STATION NAME/TEL.NO.   PAGES   DURATION
 001      OK       a          12122693559         002/002  00:00'34"
```

OCT 12 2007 10:13 FR D'AMATO & LYNCH

# D'AMATO & LYNCH, LLP

ATTORNEYS AT LAW
70 PINE STREET
NEW YORK, N.Y. 10270-0110
TELEPHONE 212-269-0927
TELECOPIER: 212-269-3559
WWW.DAMATO-LYNCH.COM

GEORGE S. D'AMATO (2002)
LUKE B. LYNCH (1994)
FOUNDING PARTNERS

LONDON OFFICE
LLOYD'S
ONE LIME STREET
LONDON, EC3M7HA, ENGLAND
TELEPHONE 0207 816 5977
TELECOPIER 0207 816 7257

Direct Dial: (212) 909-2142
E-Mail: KWesink@damato-lynch.com

October 12, 2007

**VIA FACSIMILE**
Keith S. Davidson, Esq.
Davidson & Cohen, PC
265 Sunrise Highway
Rockville Centre, New York 11570

Re: Shelia Greenberg v. Home Depot U.S.A., Inc.,
Supreme Court, County of Bronx (Index No.: 301172/07)

Dear Mr. Davidson:

Pursuant to our telephone conversation this morning, this letter will confirm that the time for Home Depot U.S.A., Inc. to answer, move, or otherwise appear in the above-captioned action has been extended on consent through and including November 12, 2007.

Please therefore be good enough to confirm the foregoing by signing this letter below and faxing it back to me at (212) 269-3559. If my understanding is in any way inaccurate, please advise me immediately in writing.

#251071v1

Exhibit B

DAVIDSON & COHEN, P.C.
ATTORNEYS AT LAW
265 SUNRISE HIGHWAY
ROCKVILLE CENTRE, NEW YORK 11570

(516) 763-6700
(516) 763-0667 FACSIMILE

BRUCE E. COHEN
KEITH S. DAVIDSON

JANET L.H. SMITELLI

October 17, 2007

D'Amato & Lynch, LLP
70 Pine Street
New York, New York 10270-0110

Attention: Robert D. Lang, Esq.

Re: Sheila Greenberg v. Home Depot USA, Inc.

Dear Mr. Lang:

Pursuant to our conversation today I am enclosing copies of medical reports from Bone & Joint Associates dated March 2, 2007, April 9, 2007 and May 23, 2007 together with a copy of the MRI report from White Plains Radiology Associates dated March 7, 2007. Please be advised that the plaintiff treated with Dr. Michael Palmeri following this accident of August 3, 2006 but I have been unable to obtain the doctor's records to date. I am also enclosing a copy of a letter from Healthcare Recoveries wherein they are asserting a subrogation lien for benefits paid by my clients health insurance carrier. In addition, Healthcare Recoveries has sent me a consolidated statement of benefits and I am enclosing a copy for you.

After reviewing these medicals kindly contact my office to discuss this matter further.

Very truly yours,

DAVIDSON & COHEN, P.C.

*Keith Davidson*

Keith S. Davidson

KSD/ro
Encl.

*Exhibit C*

**BONE & JOINT ASSOCIATES**

*Orthopaedic Surgeons of Westchester*

Sheila Greenberg
03/02/07

**HISTORY:** The patient is a 63-year-old right-hand-dominant female complaining of right shoulder and arm pain for a year. She reports she may have aggravated the shoulder initially when she fell at Home Depot in August of 2006. She reports she did file an incident report at the time, but no claim has been followed at this point. She reports that she does have discomfort with lifting with the right. No numbness, tingling or radiation of pain. No neck pain is reported. She has been seen by Dr. Palmieri since the initial episode who gave her a cortisone injection and a course of therapy with minimal relief. She has been taking antiinflammatories as needed at this point. She reports she is unable to sleep at night. Most of the discomfort is reported on the lateral aspect of the arm.

**PAST MEDICAL HISTORY:** Reviewed and listed in the chart.
**REVIEW OF SYSTEMS:** Reviewed and negative at this time.
**PHYSICAL EXAMINATION:** The patient is 5' 3" and weighs approximately 200 pounds. The patient is well developed, well nourished, and in no acute distress. Alert and oriented x3. The patient expresses appropriate mood. No significant swelling or peripheral edema is noted. Normal respirations.

Clinical examination of the cervical spine shows no tenderness to palpation. There is no tenderness or spasm of the cervical spine. There is full range of motion without discomfort. Sensation is intact. Pulses are 2+. Motor strength is intact.
Examination of the right shoulder shows no tenderness of the AC joint. There is approximately full range of motion with forward flexion with mild discomfort at the extreme. Positive impingement. Discomfort with Hawkins sign is noted. External rotation is limited to approximately 30 degrees with moderate discomfort, internal rotation to approximately T10 with some discomfort. Rotator cuff strength is -3/5 with moderate discomfort. Supraspinatus strength is 4-/5 with some discomfort. Sensation is intact. Pulses are 2+.

**X-RAY:** X-rays taken of the right shoulder shows a type 2 acromion and a high-riding humerus. No signs of fracture or arthritis are seen.

**IMPRESSION:** Right shoulder impingement with rotator cuff weakness, rule out rotator cuff tear.

**PLAN:** The patient will obtain MRI of the right shoulder to further evaluate the rotator cuff. She was given Tylenol with Codeine for pain. She will continue antiinflammatories as needed. She will also begin a course of physical therapy to work on range of motion and strengthening of the shoulder.

Anthony Salvo, P.A.

Robert D. Small, M.D.
Chief, Orthopedic Institute, White Plains Hospital

Robert D. Small, M.D.
Orthopaedic Surgery
Joint Replacement

William R. Buschmann, M.D.
Orthopaedic Surgery
Foot & Ankle

Paul D. Fragner, M.D., FACS
Orthopaedic Surgery
Hand, Wrist & Elbow

Richard N. Weinstein, M.D.
Sports Medicine
Knee, Shoulder & Ankle

7 Reservoir Road, North White Plains, New York 10603 • Tel: 914-684-0500 • Fax: 914-684-9783



**Bone & Joint Associates**
*Orthopaedic Surgeons of Westchester*

Sheila Greenberg
04/09/07

**HISTORY:** Ms. Greenberg is seen today with pain in her shoulder abating. She is doing very well with physical therapy and range of motion is improving well and pain is decreasing. She has minimal pain. The only thing that she finds difficult to do is a salute-type position.

**PHYSICAL EXAMINATION:** She has good strength of abduction, almost full range of motion and no weakness of abduction with the arm internally rotated.

**PLAN:** Recommended another month of therapy. Return here in six weeks. Note, the patient has a 4.6 cm tear with high-riding humeral head and degenerative tears of the tendons. Recommend therapy rather than surgery.

Robert D. Small, M.D.
Chief, Orthopaedic Institute, White Plains Hospital

BDS/gisl/sv1/um1/0410/BDS11581

Robert D. Small, M.D.
*Orthopaedic Surgery*
*Joint Replacement*

William R. Buschmann, M.D.
*Orthopaedic Surgery*
*Foot & Ankle*

Paul D. Fragner, M.D., FACS
*Orthopaedic Surgery*
*Hand, Wrist & Elbow*

Richard N. Weinstein, M.D.
*Sports Medicine*
*Knee, Shoulder & Ankle*

7 Reservoir Road, North White Plains, New York 10603 • Tel: 914-684-0300 • Fax: 914-684-9783

## BONE & JOINT ASSOCIATES
*Orthopaedic Surgeons of Westchester*

Sheila Greenberg
05/23/07

**HISTORY:** The patient comes in for follow up for the right shoulder. She has been doing physical therapy, which has been helpful. She reports of some pain but it is tolerable.

**REVIEW OF SYSTEMS:** Reviewed. Negative at this time.
**PHYSICAL EXAMINATION:** The patient is well developed, well nourished, and in no acute distress. Alert and oriented x3. The patient expresses appropriate mood. No significant swelling or peripheral edema is noted. Normal respirations.

Examination of the right shoulder shows no tenderness of the AC joint. Approximately full range of motion with forward flexion with moderate discomfort at the extreme. Mild impingement. Mild discomfort with Hawkins maneuver. External rotation is slightly limited and internal rotation is to approximately T10. Rotator cuff strength is 3+/5. Supraspinatus strength is 4-/5. Sensation is intact. Pulses are 2+.

**MRI:** Review of the MRI taken of the right shoulder shows a very large chronic full thickness tear with 4.6 cm retraction with superior subluxation of the humeral head and moderate thinning of the glenohumeral joint.

**IMPRESSION:** Right shoulder chronic rotator cuff tear with changes as per MRI.

**PLAN:** The patient will continue with physical therapy since it has been helpful. She will follow up with me as needed over the next two months to evaluate her progress.

*[signature]*

Anthony Salvo, P.A.

_____
Robert D. Small, M.D.
Chief, Orthopedic Institute, White Plains Hospital

ASP/gisl/asl/vk/0712/ASP11664

Robert D. Small, M.D.        William R. Buschmann, M.D.    Paul D. Fragner, M.D., FACS    Richard N. Weinstein, M.D.
Orthopaedic Surgery          Orthopaedic Surgery           Orthopaedic Surgery            Sports Medicine
Joint Replacement            Foot & Ankle                  Hand, Wrist & Elbow            Knee, Shoulder & Ankle

7 Reservoir Road, North White Plains, New York 10603 • Tel: 914-684-0300 • Fax: 914-684-9783



**WHITE PLAINS RADIOLOGY ASSOCIATES, P.C.**
244 WESTCHESTER AVENUE, SUITE 105
WHITE PLAINS, NEW YORK 10604
(914) 946-5390

| | | | |
|---|---|---|---|
| Paul Khoury, M.D. | Nina Soberman, M.D. | Marjorie Rosenblatt, M.D | Andre Khoury, M.D |
| John Train, M.D. | Andrew De Rogatis, M.D. | Rosalyn Kutcher, M.D. | Rand Stack, M.D |
| George Saul, M.D. | Peter Khouri, M.D. | Jose Botet, M.D. | Charles Elkin, M.D |
| Richard Lipset, M.D. | Walter Bottiger, M.D. | Bonnie Litvack, M.D. | Susan Klein, M.D. |

GREENBERG, SHEILA
DOB: 10/26/1943

Referred by:    ROBERT  SMALL, MD

03/07/2007              MR R SHOULDER

MRI OF THE RIGHT SHOULDER:

Coronal, sagittal oblique and axial proton density T2 weighted images of the right shoulder were obtained.

There is a very large full thickness tear and 4.6 cm retraction of the supraspinatus and infraspinatus with degeneration of the tendons and marked atrophy of the infraspinatus and supraspinatus muscles.

The humeral head is superiorly subluxed almost reaching the inferior aspect of the acromion which is curved. There are also moderate productive changes of the acromioclavicular joint.

There is a large amount of fluid in the subacromial and subdeltoid bursa. There is a partial tear of the long head of the biceps tendon. There is no disruption of the labrum.

IMPRESSION:

Very large chronic full thickness tear with 4.6 cm maximum retraction of the supraspinatus and infraspinatus tendons at the insertion of the greater tuberosity with degeneration of the tendons and marked atrophy of the muscles. The humeral head is superiorly subluxed. There are moderate productive changes of the acromioclavicular joint. Large effusion with moderate thinning of the cartilage of the glenohumeral joint.

ANDRE KHOURY, MD
LB
D and T:   03/07/2007

cc:

Page 1 of 1

This fax was sent with GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                                       )ss:
COUNTY OF NASSAU  )

I, RACHEL ORTIZ, being sworn, say: I am not a party to the action, am over 18 years of age, and reside in Rockville Centre, New York

On January 14, 2008, I served the within **REPLY AFFIRMATION** by

{X}   **Service by Mail** by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

D'Amato & Lynch, LLP
70 Pine Street
New York, New York 10270-0110

_____
Rachel Ortiz

Sworn to before me this
14th day of January 2008

_____
Notary Public

JANET L. HELLER-SMITELLI
Notary Public, State of New York
OISM No. 4800502
Qualified in Suffolk County
Commission Expires August 31, 20 09

INDEX NO.: 10675/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHEILA GREENBERG and BUDDIE GREENBERG,

               Plaintiffs,

  -against-

HOME DEPOT U.S.A., INC.,

               Defendant.

---

**REPLY AFFIRMATION**

---

**DAVIDSON & COHEN, P.C.**
Attorneys for Plaintiffs
Office & P.O. Address
**265 Sunrise Highway
Rockville Centre, New York 11570**
**(516) 763-6700**

---

To

Attorney(s) for

---

Attorney Certification

Pursuant to 22 NYCRR 130-1.1a, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief, and after reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.

Dated:

_____