UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SHEILA GREENBERG and BUDDIE GREENBERG,

                      Plaintiffs,       **PLAINTIFFS' COMBINED
                                                     DISCOVERY DEMANDS AS
      -against-                     PER VARIOUS ENUMERATED
                                                     SUB-DIVISIONS**

HOME DEPOT U.S.A., INC.,

                                                        Civil Action No.: CV 07 10675

                      Defendant.

------------------------------------------------------------------X

      **PLEASE TAKE NOTICE** that you are required to provide the following materials pursuant to the applicable provisions of the Civil Practice Law and Rules and the Rules of this Court, returnable at the offices of DAVIDSON & COHEN, P.C., 265 Sunrise Highway, Rockville Centre, New York 11570, at **10:00 A.M., within thirty (30) days of receipt of this notice**, as per the enumerated sub-divisions below:

              **(A)    AS TO THE DEMAND FOR VIDEOS, SURVEILLANCE
                         MATERIALS, PHOTOGRAPHS, ETC.:**

      (1)    On the authority of <u>DiMichel v. South Buffalo Railway Co.</u> and <u>Poole v. Consolidated Rail Corp.</u>, 80 N.Y.2d 184, 590 N.Y.S.2d 1 (1992), <u>all</u> photographs, slides, videotapes and/or motion pictures, surveillance photographs/motion pictures, tape recording, movies, visual, optical and/or audio and/or magnetic reproductions of descriptions of each plaintiff purporting to depict the plaintiff, plaintiff's activities, actions speech, etc.;

1

(2)     All photographs of the scene of the underlying occurrence;

(3)     All photographs of the vehicles (if applicable) involved in the underlying occurrence;

(4)     All photographs (if applicable) of the instrumentality (e.g., machinery, product, etc.) involved in the underlying occurrence; and

(5)     The time records; records of amount of footage of film or videotape used; the type of equipment used to take, develop, and convert such film or videotape; the make and model of all equipment, lenses and range settings employed by defendant(s) and/or defendant('s)(s') photographers, investigators, and/or others used or associated in conjunction with surveillance, tape recordings, etc., of the injured plaintiff.

NOTE:(A)     The discovery materials enumerated in items 1 through 5 of this subdivision (A) require the production of all such materials (e.g., surveillance photographs, motion pictures, videotapes, visual and/or audio reproductions, etc.), not merely the portions that defendant(s) will select to proffer into evidence at the trial of this action. Despite some erroneous readings of those cases to the contrary, it is the position of the plaintiff(s) that the cited cases (DiMichel and Poole) do not limit plaintiff('s)(s') entitlement to discovery to those surveillance materials which defendant(s) intend(s) to use at trial. Our reading of the cited cases, as well as those of various Commentators, leads to the inexorable conclusion that the sole limitation placed by the cited cases is the prohibition that plaintiff('s)(s') counsel may not refer during summation to those portions of the surveillance materials which defendant(s) did not offer into evidence during the trial (in whole or in part); cf., Barker, Conclusion of the Videotape Cases, N.Y.L.J., November 16, 1992, page 3; Pieper's N.Y. Appellate Alert, 11/15/92. pgs. 3-4.

<u>NOTE:</u>(B)   The "surveillance materials" referred to above are to be produced at the undersigned's office for inspection and copying within twenty (20) days after the completion of your deposition of the plaintiff(s).

<u>NOTE:</u>(C)   This constitutes a continuing demand.

<u>NOTE:</u>(D)   In the event that any such surveillance materials come into your possession, custody or control, or into the possession, custody or control of any party you represent in this action and/or any individual or entity acting on behalf of any party after the date of this demand, such materials must be produced at the office of the undersigned for inspection and copying forthwith and within a reasonable time prior to the trial herein.

**(B)   <u>AS TO THE DEMAND FOR "PARTY STATEMENTS"</u>:**

Pursuant to CPLR 3101(e) and 3120, you are required to reproduce any and all statements in the possession, custody or control of any party you represent in this action and/or on whose behalf such statements were taken from the plaintiff(s) we represent, or from any agent, servant or employee of such plaintiff, whether such statements were oral, written, or electronically recorded, irrespective of whether or not such statements have been transcribed or reduced to written or typed form.

**(C)   <u>AS TO INSURANCE (BASIC, EXCESS, UMBRELLA, "CATASTROPHE," ETC.) INFORMATION</u>:**

Pursuant to CPLR 3101(f), plaintiff(s) demand(s) that the defendant(s) produce the following:

(1)   A complete, true, and accurate copy of the original policies of insurance covering each and every primary, contributing, umbrella, catastrophe, and/or excess insurance agreement

under which any person or entity carrying on any insurance business may be liable to satisfy part or all of a judgment that may be entered in this action against any and/or all defendant(s), or to indemnify or reimburse for payments made to satisfy the judgment;

  (2)  Each and every insurance agreement in which the insurer is obligated to defend this action;

  (3)  Any applicable insurance agreements insuring the defendant(s) in this action;

  (4)  The policy limits of any and all such agreements, the full name and address of each such insurer, and the policy number(s);

  (5)  If there are any other claims pending or paid against any such insurance coverage, set forth;

    a.  The total amounts already paid from each policy; and
    b.  The number of claims made against each policy; and
    c.  The total ad damnum of any pending claims against each policy; and
    d.  The net remaining insurance coverages available.

  (6)  If there are no other claims pending or paid, an affirmative statement to that effect is required (See <u>Greenwald v. Eiseman</u>, 502 N.Y.S.2d 56; <u>Kimball v. Davis</u>, 81 A.D.2d 855, 438 N.Y.S.2d 860); and

  (7)  If, after requisite investigation, no such reinsurance, excess liability, "umbrella", or "catastrophe" policies are found to exist, so state in a probative sworn reply to this demand.

### (D) <u>WITNESSES' IDENTITIES</u>:

Pursuant to Rules 3120(a) and 3101(f) of the CPLR and on the authority of <u>Zelman v. MTA</u>, 4 A.D. 2d 248, <u>Zayas v. Morales</u>, 45 A.D.2d 610, and <u>Gethers v. Hoson Holdings, Inc.</u> (N.Y.L.J. 4/25/91, p. 26., col. 4, N.O.R.), plaintiff(s) demand that defendant(s) produce the names and addresses of any and all of the following persons:

(1) The individuals who witnessed the underlying occurrence;

(2) The individuals who were res gestae witnesses;

(3) The individuals who received actual notice of the underlying conditions which constituted a contributing factor to the underlying occurrence;

(4) The individuals who received constructive notice of the underlying conditions which constituted a contributing factor to the underlying occurrence;

(5) The individuals who have firsthand knowledge pertaining to the injuries and/or damages which are claimed herein;

(6) All individuals whom defendant(s) will call at trial to testify in connection with and/or pertaining to the injured plaintiff's physical condition, status, disabilities, injuries, permanencies, pre-existing conditions, re-injuries and damages; and

(7) The identities of all investigators and/or photographers who filmed, tape recorded, etc., the injured plaintiff and/or were otherwise involved in the filming, videotaping, tape recording, etc., of the injured plaintiff.

### (E)  AS TO THE DEMAND FOR EXPERT WITNESS DISCLOSURE:

Pursuant to CPLR 3101(d)(1), et seq., a statement disclosing in reasonable detail the following:

(1)  The identity of each expert (name and address) whom each defendant intends to call at the trial of this action;

(2)  The subject matter in reasonable detail upon which each expert is expected to testify at the trial of this action;

(3)  The substance of the facts and opinions upon which each expert is expected to testify at the trial of this action;

(4)  A summary of the grounds of each expert's opinion; and

(5)  The complete qualification of each expert witness whom defendant(s) intend(s) to call at the trial of this action.

### (F) DEMAND FOR ACCIDENT REPORTS:

PLEASE TAKE FURTHER NOTICE, that the undersigned demands on behalf of the plaintiffs in this action, that you produce at the time and place specified, a copy of all accident/incident reports prepared by or on behalf of the defendants in the regular course of business, including the report made at the accident scene on the date of this accident.

### (G)  DEMAND FOR DOCUMENTS REGARDING INSPECTION, MAINTENANCE AND/OR REPAIR OF CONDITION:

PLEASE TAKE FURTHER NOTICE, that the undersigned demands on behalf of the plaintiffs in this action, that you produce at the time and place specified, and permit the undersigned

to discover, inspect, and photocopy, each and every record of inspection, maintenance, request for repair and repair at the area of the condition(s) complained of in the complaint during the two (2) month period prior to and including the date of the occurrence.

## AS TO THE CONTINUING NATURE OF ALL OF THE DEMANDS SET FORTH ABOVE AND PLAINTIFF(S)' TRIAL POSTURE WITH RESPECT THERETO:

**Notice is hereby given on behalf of the plaintiffs herein that each and every demand set forth herein constitutes a continuing demand through the time of trial/retrial of this action.**

**Notice is also hereby given that if there is a failure to comply with <u>any</u> of the aforesaid demands, plaintiffs will exercise each and every right accorded to the plaintiffs by the applicable Statute and/or controlling case-law, which will include objection to testimony and/or introduction into evidence, testimonial/evidentiary preclusion and/or resolution of fact issues in favor of the plaintiffs and/or any other rights accorded to the plaintiffs under the applicable law.**

Dated: Rockville Centre, New York
      February 8, 2008

    Yours, etc.

_____
JANET L.H. SMITELLI, ESQ.
DAVIDSON & COHEN, P.C.
Attorneys for Plaintiffs
265 Sunrise Highway
Rockville Centre, New York 11570
(516) 763-6700

TO:   D'AMATO & LYNCH, LLP
      Attorneys for Defendant -
      HOME DEPOT U.S.A., INC.
      70 Pine Street
      New York, New York 10270-0110
      (212) 269-0927
      File No. 434-74785

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                      )ss:
COUNTY OF NASSAU      )

      I, RACHEL ORTIZ, being sworn, say: I am not a party to the action, am over 18 years of age, and reside in Rockville Centre, New York

      On February 8, 2008, I served the within **PLAINTIFFS' COMBINED DISCOVERY DEMANDS AS PER VARIOUS ENUMERATED SUB-DIVISIONS** by

{**X**}    **Service by Mail** by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

          D'AMATO & LYNCH, LLP
          Attorneys for Defendant -
          HOME DEPOT U.S.A., INC.
          70 Pine Street
          New York, New York 10270-0110
          (212) 269-0927
          File No. 434-74785

                                            _____
                                            RACHEL ORTIZ

Sworn to before me this
8th day of February, 2008

_____
     Notary Public

Case 1:07-cv-10675-LBS    Document 8    Filed 02/14/2008    Page 10 of 10