UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHEILA GREENBERG and BUDDIE GREENBERG,

                          Plaintiffs,      **RESPONSE TO THE FIRST
                                                SET OF INTERROGATORIES**

    -against-

                                                    Civil Action No.: CV 07 10675

HOME DEPOT U.S.A., INC.,

                          Defendant.

------------------------------------------------------------------X

      The plaintiffs, SHEILA GREENBERG and BUDDIE GREENBERG, by their attorneys, Davidson & Cohen, P.C., as and for their Response To The First Set Of Interrogatories, upon information and belief, respond as follows:

      **Interrogatory No. 1**

      1. State the names and addresses of all persons who have knowledge of any relevant facts relating to the claims asserted in the Verified Complaint and set forth the nature of their knowledge.

      Sheila Greenberg, 3135 Johnson Avenue, Bronx, New York 10463, Buddie Greenberg, 3135 Johnson Avenue, Bronx, New York 10463, Sylvia Sparer, address to be provided, Erica Murantz, address to be provided.

      **Interrogatory No.2**

      2. State the exact date and the approximate hour on said date when it is claimed the incident alleged in the Verified Complaint occurred.

      The accident occurred on August 3, 2006 at approximately 10:30 a.m.

      **Interrogatory No. 3**

      3. State the exact location where said incident alleged in the Verified Complaint occurred.

The accident occurred at Home Depot located at 68 Thompson Square, Monticello, New York in the flooring department.

**Interrogatory No. 4**

4. State plaintiffs present age, place and date of birth, and social security number.

The plaintiff is sixty four years of age having been born on ▮▮▮▮▮▮▮▮▮▮ and her social security number is ▮▮▮▮▮▮▮▮

**Interrogatory No. 5**

5. State specifically and describe fully the manner and way in which plaintiffs claim the incident alleged in the Verified Complaint occurred.

While the plaintiff was shopping at Home Depot she was caused to slip and fall on a wet condition located on the floor of the store.

**Interrogatory No.6**

6. State whether the alleged incident or occurrence was reported to anyone; if such report was made, set forth the name of the person to whom each report was made, the name of the person making each report, and the date of each said report.

The incident was reported to a Home Depot manager immediately following this accident and a report of this incident was made at that time.

**Interrogatory No. 7**

7. State the acts of negligence or omissions that plaintiffs are alleging against Home Depot.

The negligence of the defendant consisted, amongst other things, in failing to keep the aforesaid premises in a reasonably safe condition; in failing to perform proper inspections; in failing to perform proper clean-up operations; in causing and/or permitting hazardous, slippery and

dangerous condition to exist at the premises aforementioned; in failing to post signs or warnings at the location aforesaid.

**Interrogatory No. 8**

8. If any acts, omissions, dangerous or defective condition caused by Home Depot is alleged by plaintiffs, state for such acts, omissions, dangerous or defective condition alleged:

    a. The nature and location of such;

    b. Whether it will be claimed that Home Depot had actual or constructive notice thereof;

    c. If actual notice is claimed, when and to whom same was given;

    d. If it is alleged that Home Depot or its agent, servant and/or employee caused or created such acts, omissions, dangerous or defective condition, state the name of the person who caused or created such and the date when such was caused or created; and

    e. If constructive notice is claimed, state the length of time the acts, omissions, dangerous or defective condition existed before the accident ( in minutes, hours, days, weeks, etc., as nearly as may be stated).

It will be claimed that the defendant had actual and constructive notice of the condition complained of. With respect to actual notice, same was given to an agent, servant and/or employee of this defendant prior to the occurrence herein. With respect to constructive notice, the said condition existed for at least forty five minutes to one hour prior to the occurrence and for a lengthy enough period of time sufficient for this defendant to have discovered and corrected said dangerous condition.

**Interrogatory No. 9**

9. If work at, or in, or near, the premises is claimed to be defective, then:

   a. Describe the work involved;

   b. What was the location within the premises of said work (describe in adequate detail to permit ready identification and location);

   c. What portions of the work was defective;

   d. What was the nature of each defect and what was its location; and

   e. In what manner did the allegedly defective work cause the occurrence.

The plaintiffs are not claiming that defective work was ongoing at, or in, or near, the premises where the incident occurred.

**Interrogatory No. 10**

10. Set forth the manner in which plaintiffs have mitigated damages, including the amount, if any, recovered in salvage, including the name and address of salvager or of party to whom disposed of and gross and net recovery.

Not applicable.

Dated: Rockville Centre, New York
       April 14, 2008                        Yours, etc.

                                             _____
                                             JANET L.H. SMITELLI, ESQ.
                                             DAVIDSON & COHEN, P.C.
                                             Attorneys for Plaintiffs
                                             265 Sunrise Highway
                                             Rockville Centre, New York 11570
                                             (516) 763-6700

TO:   D'AMATO & LYNCH, LLP
      Attorneys for Defendant -
      HOME DEPOT U.S.A., INC.
      70 Pine Street
      New York, New York 10270-0110
      (212) 269-0927
      File No. 434-74785

Case 1:07-cv-10675-LBS    Document 10    Filed 04/16/2008    Page 6 of 6