USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-19-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
Shelia Greenberg and Buddie Greenberg,

                                 Plaintiffs,

              -against-

Home Depot U.S.A., Inc.,

                                 Defendant.
------------------------------------------------------------------ X

**Index No.: 07 Civ 10675**

**STIPULATION AND ORDER OF DISCONTINUANCE**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorneys of record for all the parties to the above-entitled action, that whereas no party hereto is an infant, incompetent person for whom a committee has been appointed or conservatee and no person not a party has an interest in the subject matter of the action, the above-entitled action be, and the same hereby is discontinued, with prejudice, without costs to either party as against the other. This stipulation may be filed without further notice with the Clerk of the Court.

Dated: New York, New York
       May 14, 2008

DAVIDSON & COHEN, P.C.

By: _____
    Keith Davidson
    Attorneys for Plaintiff
    265 Sunrise Highway
    Rockville Centre, New York 11570
    (516) 763-6700

D'AMATO & LYNCH, LLP

By: _____
    Robert D. Lang
    Attorneys for Defendant
    70 Pine Street
    New York, New York 10270
    (212) 269-0927
    Our File No.: 434-74705

SO ORDERED:

_____
Hon. Leonard B. Sand
5/19/08

#296947v1

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Settlement Agreement") is made and entered into this 13th day of May, 2008 by and between Shelia Greenberg and Buddie Greenberg ("Plaintiffs") and Home Depot, USA, Inc. ("Home Depot").

This Settlement Agreement is entered into for the purpose of settling any and all claims, controversies and disputes, made or not made, between the aforesaid parties arising in any way out of an incident which occurred at 68 Thompson Square, County of Sullivan, Monticello, New York, on or about August 3, 2006 ("Incident"), and which resulted in a lawsuit styled Shelia Greenberg and Buddie Greenberg ("Plaintiffs") and Home Depot, USA, Inc. ("Home Depot"), Index Number 07 Civ 10675, in the United States District Court, Southern District of New York (the "Lawsuit").

Plaintiff and Home Depot desire to enter into this Settlement Agreement to discharge all claims resulting from the Incident and/or asserted in the Lawsuit upon the payment of the settlement amount, the terms and conditions of which are set forth herein.

**Agreement**

The parties hereby agree as follows:

1. In consideration of the payments set forth herein, Plaintiff hereby completely releases and forever discharges and holds harmless Home Depot and its past, present and future officers, directors, stockholders, attorneys, agents, servants, representatives, employees, parents, subsidiaries, affiliates, partners, predecessors and successors in interest, heirs and assigns and all other persons, firms or corporations with whom any of the former have been, are now or may

#296950v1

hereafter be affiliated, of and from any and all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, costs, expenses and compensation of any nature whatsoever, whether based on a tort, contract or other theory of recovery, and whether for compensation or punitive damages, which Plaintiffs now has or which may hereafter accrue or otherwise be acquired on account of, or in any way growing out of the Incident which is the subject of this Settlement Agreement, including, but not limited to, any and all known or unknown claims for bodily and personal injuries and the consequences thereof, property damages, business losses or destruction, economic losses of any nature, emotional damages, punitive damages or any other damages or losses, which have resulted or may result from any alleged negligent, grossly negligent, reckless or intentional acts or omissions of Home Depot. This release shall be a fully binding and complete settlement between Plaintiffs and Home Depot and all parties represented by or claiming through them.

2.   Upon the execution of this Settlement Agreement and the satisfaction by Home Depot of the payment as set forth in paragraph 3 below, Plaintiffs agree to dismiss the Lawsuit with prejudice, as against Home Depot.

3.   In consideration of the releases and other promises and agreements set forth herein, Home Depot hereby agrees to pay to Plaintiffs through their attorneys and remit settlement draft as agreed (mm) between the parties to plaintiff and their attorneys in the amount of $ 65,000.00 with Plaintiffs assuming any and all responsibility to pay any and all liens and indemnifying and holding Home Depot harmless with respect thereto.

[K.D.]

4.   Each party hereto shall bear all attorneys' fees and costs arising from the actions

-2-

#296950v1

of its own counsel in connection with the Incident, the Lawsuit and the Settlement Agreement and all matters and documents referred to herein.

5. Plaintiffs acknowledge and agree that the release set forth herein is a general release and that s/he expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but which they do not know of or suspect to exist, whether through lack of discovery, lack of knowledge, oversight, error, negligence, or otherwise, and which, if known, would materially affect their decision to enter into this Settlement Agreement.

6. Plaintiffs acknowledge that the damages which allegedly have or may be sustained are or may be of a permanent or hidden nature and that damage therefrom is uncertain and indefinite, and in making this Settlement Agreement it is understood and agreed that Plaintiffs rely wholly upon their judgment, belief and knowledge of the nature, effect and duration of said damages, and Plaintiffs hereby assume full responsibility for any such damages or losses. Plaintiffs further agree that they accept payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact and fully assumes the risk that the facts or the law may be otherwise than believed or understood by him/her.

7. Upon receipt of the payment described herein, counsel for Plaintiffs will deliver to counsel for Home Depot a copy of this complete and fully executed Settlement Agreement.

8. Plaintiffs represent and warrant that no other person or entity has or has had any interest in the claims, demands, obligations or causes of action referred to in this Settlement Agreement, that Plaintiffs have the sole and exclusive right to receive sums specified in it and that Plaintiffs have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement Agreement.

9. Plaintiffs agree and acknowledge that the payment of the sum specified in this Settlement Agreement is a full and complete compromise of doubtful and disputed claims; that neither payment of the sums by Home Depot nor the negotiations for this settlement (including any and all statements, admissions and/or communications) by Home Depot or its attorneys or representatives shall be considered an admission of liability by any of said parties and that such liability is expressly denied by all parties; and that no past or present wrongdoing on the part of Home Depot shall be implied by such payment or negotiations.

10. Plaintiffs hereby represent that either they are unaware of any liens or other encumbrances presently existing against the settlement amount, or, if such liens do exist, Plaintiffs expressly agree to satisfy any and all of those liens out of the settlement amount. In no event will Home Depot be responsible for any liens. Plaintiffs further agree to fully indemnify and save harmless Home Depot from any and all claims or liens presently existing against the settlement herein, including but not limited to medical liens, by any person, entity or corporation.

11. This Settlement Agreement is entered into in the State of New York and shall be construed and interpreted in accordance with its laws.

12. In entering into this Settlement Agreement, Plaintiffs represent that they are of lawful age and of sound mind and is competent to enter into this Settlement Agreement and that s/he has relied upon the legal advice of personally selected counsel and that the terms of this Settlement Agreement have been completely read by them and explained to them and that those terms are fully understood and voluntarily agreed to.

13. Plaintiffs acknowledge and agree that this Settlement Agreement has been negotiated at arms-length between persons knowledgeable in the matters dealt with herein. Accordingly, any rules of law that would require interpretation of any ambiguities against the party who drafted this Settlement Agreement do not apply and are expressly waived.

#296950v1

14. All parties agree to cooperate fully and execute any and all documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.

15. It is fully understood and agreed that this Settlement Agreement covers all claims asserted and unasserted, it being the intent of the undersigned Plaintiffs to fully extinguish all claims against anyone allegedly responsible for injuries or damages sustained as a direct or indirect result of the Incident.

16. Plaintiffs and their attorneys further agree that the terms of this Settlement Agreement, including, but not limited to, the terms, conditions and amount of payment, as well as information concerning the Lawsuit, are strictly confidential and that no further disclosure, report or suggestion concerning same shall be made to any person or entity, except as required by law. Plaintiffs expressly represent and agree as a condition of payment of the amount specified herein by Home Depot that they will not further disclose any information concerning the Lawsuit, or this settlement to any other party, including the media, unless ordered to do so by a court of law or as necessary for purposes of payment of income taxes. In the event Plaintiffs are asked about the Lawsuit, they may respond only that the matter has been resolved, but will provide no other information. This confidentiality agreement is being made part of the consideration for the settlement of this claim, and any further disclosure shall constitute a breach of this Settlement Agreement obligating Plaintiffs to promptly repay Home Depot all amounts recovered pursuant to this Settlement Agreement.

17. The parties further agree that in the event of any breach of this Settlement Agreement, the breaching party will pay all attorneys' fees and expenses incurred by the non-breaching party in enforcing the provisions hereof.

18. All discovery documents and all copies or reproductions of same (in whole or in part) provided by Home Depot to Plaintiffs or their counsel shall be returned to counsel for Home Depot within 30 days of the execution of this Settlement Agreement. No copies or reproductions of these materials shall remain with Plaintiffs or Plaintiffs' counsel and no such materials shall be distributed or made available to any third-party.

19. This Settlement Agreement contains the entire agreement between Plaintiffs and Home Depot with regard to the matters set forth herein. There are no other understandings or agreements, verbal or otherwise, in relation thereto, between the parties except as herein expressly set forth. Plaintiffs, in executing this Settlement Agreement, do not rely on any inducements, promises or representations made by Home Depot or any of its representatives. This Settlement Agreement shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.

20. Home Depot makes no warranties or representations regarding the payment referenced in this Settlement Agreement. In the event any taxing authority deems such payment to be taxable, in whole or in part, Plaintiffs shall be solely responsible for the payment of all such taxes and shall indemnify Home Depot in the event any taxing authority seeks payment from Home Depot for any taxes.

#296950v1

21. This Settlement Agreement shall become effective immediately upon execution.

Executed this 14th day of May, 2008.

                                                                *Sheila Greenberg*
                                                                Sheila Greenberg, Plaintiff

Sworn to and subscribed before me
this 14 day of May, 2008.

_____
Notary Public

                    ROBERT D. LANG
           Notary Public, State of New York
                        No. 4992014
              Qualified in Nassau County
          Commission Expires February 18, ~~19~~ 2010

Executed this 14th day of May, 2008.

                                                                *Buddie Greenberg*
                                                                Buddie Greenberg, Plaintiff

Sworn to and subscribed before me
this 14 day of May, 2008.

                    ROBERT D. LANG
           Notary Public, State of New York
                        No. 4992014
              Qualified in Nassau County
          Commission Expires February 18, ~~19~~ 2010

_____
Notary Public

-7-

#296950v1

Executed this 14th day of May, 2008.

                                                          _____
                                                          Davidson & Cohen
                                                          Attorneys for Plaintiffs

Sworn to and subscribed before me
this 14 day of May, 2008.

_____
Notary Public

                                                  ROBERT O. LANG
                                        Notary Public, State of New York
                                                No. 4992014
                                        Qualified in Nassau County
                                        Commission Expires February 18, 2010

#296950v1